UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WESLEY COTTON,

Plaintiff,

v.

MEDINA, *et al.*,

Defendants.

Case No. 1:22-cv-00568-JLT-EPG

ORDER GRANTING PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME TO RESPOND TO DEFENDANT MEDINA'S MOTION FOR SUMMARY JUDGMENT

(ECF No. 43).

ORDER GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART PLAINTIFF'S MOTION TO COMPEL

(ECF No. 43).

Wesley Cotton ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's Eighth Amendment excessive force claim against Doe Defendant(s) and his failure to protect claim against Defendant Medina. (ECF Nos. 1, 9, 12, & 15).

On August 25, 2023, Defendant Medina filed a motion for summary judgment on the basis that Plaintiff failed to exhaust his administrative remedies. (ECF No. 38). On September 20, 2023, Plaintiff filed a request for a forty-five day extension to time to respond to Defendant Medina's motion for summary judgment. (ECF No. 43). Plaintiff contends that an extension is

necessary because Defendants have failed to produce documents as ordered by the Court, including incident reports regarding the March 19, 2022 incident alleged in Plaintiff's complaint, daily activity logs from both prison yards on March 19, 2022, and video footage of an interview of Plaintiff that took place on April 4, 2022 regarding the underlying incident. Plaintiff argues the video interview was prompted by the filing of Plaintiff's 602 grievance regarding the incident and thus indicates that Plaintiff exhausted his administrative remedies. Plaintiff asks that the Court compel Defendant to produce the incident reports, daily activity logs, and video footage of the interview.

## I. BACKGROUND

As background, the Court ordered production of certain documents central to the dispute on May 30, 2023. (ECF No. 31). Specifically, the Court required the exchange of the following documents and/or things:

> a. Witness statements and evidence that were generated from investigation(s) related to the event(s) at issue in the complaint, such as an investigation stemming from the processing of Plaintiff's grievance(s).
>
> b. Incident reports regarding the use of force incident(s) alleged in the complaint.
>
> c. All of Plaintiff's medical records related to the incident(s) and/or condition(s) at issue in the case, including: CDCR form 7362 Health Care Services Request Form, dated January 19, 2022; CDCR form 7362 Health Care Services Request Form, dated January 31, 2022; CDCR form 7362 Health Care Services Request Form, dated March 20, 2022; CDCR form 7362 Health Care Services Request Form, dated May 7, 2022; Discharge Documentation dated February 10, 2022, March 24, 2022, and May 16, 2022; Progress Notes dated March 10, 2022, July 5, 2022, and July 29, 2022; Request for Service dated March 14, 2022; Assessment Forms dated March 10, 2022, March 24, 2022, May 16, 2022, and June 2, 2022; Vital Signs dated March 24, 2022, May 16, 2022, and June 2, 2022; Respiratory Assessments dated March 10, 2022, March 24, 2022, May 16, 2022, and July 5, 2022; Clinical Diagnosis dated March 10, 9 2022; Medical Orders dated March 10, 2022, and March 22, 2022; Consultation Notes dated July 5 2022, July 6, 2022, July 18, 2022, and July 21, 2022; and Dental Notes dated March 22, 2022.
>
> d. The recording of the video interview of Plaintiff that was conducted on April 4, 2022.

(*Id.*, pp. 3-4). Regarding the video interview, the Court noted that, "[i]f Plaintiff is not allowed possess, or is unable to play, video recording(s), defense counsel shall work with staff at Plaintiff's institution of confinement to ensure that Plaintiff is able to view the video recording(s)." (*Id.*, p. 4 n.5). The Court's order did not require Defendant to produce daily activity

logs.

On July 28, 2023, Defendant Medina filed responses and objections to the Court's order. (ECF No. 35). Defendant Medina generally objected to production of internal documents (including incident reports) regarding the officers' use of force on March 19, 2022, on the grounds that they are not relevant to the extent Plaintiff was not involved in the force incident and because certain documents are confidential. (*See id.*) Defendant Medina also indicated that he was "producing this interview on a disc (audio only, no video) to the Litigation Coordinator at the institution where Plaintiff is currently housed so Plaintiff can listen to the recording." (*Id.*, p. 4).

On August 16, 2023, the Court issued an order overruling, in part, Defendant's responses and objections to the Court's May 30, 2023 discovery order. (ECF No. 37). The Court found that "documents describing that incident are relevant to the claims in this case and the defense to the extent they describe the alleged use of force and indicate whether Plaintiff was involved in that event." (*Id.*, p. 2). Thus, the Court ordered Defendant to produce "any incident report and witness statement regarding the underlying incident." (*Id.*) However, because of the safety and security concerns raised by Defendant's objections, the Court provided that Defendant "may redact all names other than Defendant Medina or Plaintiff (if applicable), as well as the individuals already identified in Defendant's prior response to the Court's order as 'the tower officers who fired the Chloroacetophenone rubber ball grenades on or around March 19, 2022, between the hours of 12:00-2:00 p.m.'" (*Id.*) (internal citation omitted). Further, the Court did not require production of any document regarding Allegation Inquiry Management Section (AIMS)/Office of Internal Affairs (OIA) investigation reports of the underlying incident. (*Id.*) The Court ordered Defendant to produce to Plaintiff redacted versions of any incident report and witness statement regarding the underlying incident within thirty days. (*Id.*, p. 3).

On September 13, 2023, Defendant Medina filed a response to the Court's order, indicating that Defendant had complied with the Court's order as follows:

> After further investigation reasonable under the circumstances given Plaintiffs allegations, Defendant maintains that there was no incident report filed concerning Plaintiff on B-Yard and there were no rules violation investigation(s) and/or administrative procedures involving Plaintiff for any incident that occurred on B-Yard on March 19, 2022. Defendant produces redacted documents, Bates-stamped AG 0052 - AG 0054, pertaining to an incident that occurred in C-Yard on March 19, 2022, which does not involve either Defendant Medina or Plaintiff but is the

incident at issue in Plaintiffs complaint.

(ECF No. 42, p. 2). Defendant did not file copies of the documents produced to Plaintiff (nor was Defendant required to do so) but did include a certificate of service indicating that Plaintiff was mailed Defendant's response and the redacted documents. (*Id.*, p. 3).

**II. DISCUSSION**

As for Plaintiff's request that the Court compel Defendant to provide video footage of interview, the Court will grant Plaintiff's request. The Court's discovery order was clear that "[i]f Plaintiff is not allowed possess, or is unable to play, video recording(s), defense counsel shall work with staff at Plaintiff's institution of confinement to ensure that Plaintiff is able to view the video recording(s)." (ECF No. 31, p. 4 n.5). Moreover, although Defendant indicated that an audio recording was made available to Plaintiff, Defendant did not indicate whether a video recording did not exist or why it was otherwise unavailable. Thus, the Court will direct Defendant to produce to Plaintiff at Plaintiff's current institution a video recording of the April 4, 2022 interview, and file a notice of compliance that Defendant has done so, within thirty days. Alternatively, Defendant may file a notice explaining why a video recording could not be produced.

As for Plaintiff's request that the Court compel Defendant to produce daily activity logs from both prison yards on March 19, 2022, the Court will deny Plaintiff's request, without prejudice to Plaintiff filing a renewed motion to compel. Plaintiff's request does not indicate whether Plaintiff requested these documents from Defendant. Instead, Plaintiff's request indicates that he believes the Court ordered Defendant to produce the daily activity logs. The Court did not issue such an order. Further, Plaintiff does not explain why this request is relevant or whether Defendant objected to this request. If Plaintiff chooses to renew his motion to compel as to the daily activity logs, Plaintiff shall include a copy of the request and any response from Defendant. Plaintiff shall also explain why the daily activity logs are relevant and why any objections from Defendant are not justified.

As for Plaintiff's request that the Court compel Defendant to produce incident reports regarding the March 19, 2022 incident, the Court will deny Plaintiff's request, without prejudice to Plaintiff filing a renewed motion to compel. In overruling, in part, Defendant's objections to

producing the incident reports, the Court directed Defendant to produce redacted copies of the incident reports. Defendant then, a day before Plaintiff filed the instant request, filed a response to the Court indicating that redacted incident reports regarding the March 19, 2022 incident were mailed to Plaintiff. Moreover, the Court's May 20, 2023 discovery order provided that "[i]f a party files an objection, all other parties have fourteen days from the date the objection is filed to file a response." (ECF No. 31, p. 4). However, Plaintiff did not file any response to Defendant's objections.

Further, the Court will grant Plaintiff's request for an extension of time to respond to Defendant's motion for summary judgment.

**III. ORDER**

Based on the foregoing, IT IS ORDERED that:

1. Plaintiff's request for a forty-five day extension of time is GRANTED *nunc pro tunc*. Plaintiff shall file his opposition or a statement of non-opposition to Defendant Medina's motion for summary judgment by no later than November 13, 2023.
2. Plaintiff's motion to compel is GRANTED in part, and DENIED in part as follows:
    a. The Court orders Defendant to produce to Plaintiff video footage of Plaintiff's interview that took place on April 4, 2022. Defense counsel shall contact the litigation coordinator of Plaintiff's current institution to ensure that Plaintiff is afforded an opportunity to view the video recording. Defendants shall file a notice of compliance within thirty days. Alternatively, Defendant may file a notice explaining why a video recording could not be produced.
    b. Plaintiff's request that the Court compel Defendant to produce daily activity logs from both prison yards on March 19, 2022 is denied without prejudice as to Plaintiff filing a renewed motion to compel if Plaintiff requests these documents in discovery and Defendant objects to that production.

c. Plaintiff's request that the Court compel Defendant to produce incident reports regarding the underlying incident is denied without prejudice as to Plaintiff filing a renewed motion to compel after Plaintiff has received and reviewed the documents Defendant has recently produced following the Court's order.

IT IS SO ORDERED.

Dated: **October 4, 2023**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE