UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY COTTON,<br><br>        Plaintiff,<br><br>    v.<br><br>S. MEDINA, *et al*.,<br><br>        Defendants. | Case No.: 1: 22-cv-0568 JLT EPG (PC)<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANT MEDINA'S MOTION FOR SUMMARY JUDGMENT REGARDING EXHAUSTION OF ADMINISTRATIVE REMEDIES<br><br>(Docs. 38, 66) |

    Wesley Cotton asserts the defendants violated his rights while he was incarcerated at Corcoran State Prison. Plaintiff seeks to hold Medina liable for failure to protect him under the Eighth Amendment. (Doc. 1 at 3-5; *see also* Doc. 15 at 2.) Medina seeks summary judgment on the claim raised against her, asserting that Plaintiff did not exhaust his administrative remedies.[1] (Doc. 38.)

    The magistrate judge observed Medina stated in her answer to the complaint: "there is an administrative grievance process available to Plaintiff and admits that Plaintiff exhausted those administrative remedies." (Doc. 66 at 9, quoting Doc. 23 at 5, ¶ 21.) The magistrate judge determined "[t]his admission is … binding on Defendant Medina, and Defendant Medina's motion for summary judgment is subject to denial on that basis." (*Id.* at 10.) In addition, the magistrate judge reviewed Plaintiff's grievance and a video of the grievance interview. (*Id.* at 11-13.) The magistrate judge

---

[1] Plaintiff also seeks to hold several correctional officers liable for excessive force. (*See* Doc. 15 at 2; *see also* Doc. 45.) The pending motion does not address exhaustion of the claims raised against to the other defendants.

1

found "Plaintiff's grievance contained enough factual specificity to put the prison on notice as to the nature of the wrong for which Plaintiff now seeks redress in this Court under his failure to protect claim." (*Id.* at 14.) Therefore, the magistrate judge recommended Medina's motion for summary judgment be denied.

The Court served the Findings and Recommendations on the parties and notified them that any objections were due within 30 days. (Doc. 66 at 14.) The Court also advised the parties that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Neither Plaintiff nor Medina filed objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of the action. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and by proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on March 26, 2024 (Doc. 66) are **ADOPTED** in full.
2. Defendant Medina's motion for summary judgment (Doc. 38) is **DENIED**.

IT IS SO ORDERED.

Dated: __**May 2, 2024**__

UNITED STATES DISTRICT JUDGE