UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY COTTON,<br><br>        Plaintiff,<br><br>v.<br><br>MEDINA, *et al.*,<br><br>        Defendants. | Case No. 1:22-cv-00568-JLT-EPG (PC)<br><br>ORDER FOR DEFENDANTS TO FILE SUPPLEMENTAL BRIEFING ON PLAINTIFF'S MOTIONS TO COMPEL VIDEO OF B-YARD FOOTAGE<br><br>(ECF Nos. 63, 67) |

      Plaintiff Wesley Cotton is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

      Before the Court are two motions to compel filed by Plaintiff (ECF Nos. 63, 67), as well as his Reply (ECF No. 69). Plaintiff seeks to compel video from 3-B yard from March 19, 2022, between 12 pm and 3pm, which he alleges would show him being trapped in the enclosure in the B-yard and his interactions with Defendant Medina. (ECF Nos. 63 at 1, 67 at 1). Defendants filed a response, asserting that such footage does not exist. (ECF No. 68 at 3). However, for the reasons set forth below, the Court requests additional information from Defendants regarding this assertion.

      First, the discovery responses that assert that the video does not exist are not signed by an attorney (ECF No. 68-1 at 20) as required by Fed. R. Civ. P. 26(g)(1) ("Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery requests, response, or objection must be signed by at least one attorney of record in the attorney's own name . . . . By signing, an

1

attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry . . . .").

Moreover, these discovery responses fail to describe the basis for its conclusion with sufficient specificity to allow the Court to determine whether Defendants made a reasonable inquiry and exercised due diligence. *Marti v. Baires*, No. 1:08-CV-00653-AWI, 2012 WL 2029720, at *19 (E.D. Cal. June 5, 2012) ("In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence.").

Additionally, Defendants enclose an unsigned declaration from Litigation Coordinator indicating that she is relying on the 90-day retention policy to assert that no footage exists for Yard 3-B on March 19, 2022. (ECF No. 68-2 at 2). However, the retention policy is dated after the date of the incident. (ECF No. 68-2 at 5). It does not appear that Defendants have provided the retention policy applicable to this incident.

Finally, attorney Cribbs provided a declaration in which he states that he "asked about the existence of the video footage" and "was told that no such video footage existed." (ECF No. 68-1 at 1, 2). However, Attorney Cribbs does not appear to have personal knowledge of whether the footage exists, and does not describe who provided this information or how they ensured that it was accurate.

Thus, to evaluate Plaintiff's motions to compel and ensure the accuracy of Defendants' contention that footage of the incident no longer exists, the Court orders Defendants to file a supplement within **14 days** of this order, that includes:

1. A signed certification of the discovery response at ECF 68-2, compliant with Fed. R. Civ. P. 26(g), including steps taken to locate the video.
2. The applicable retention policy in place at the time of the incident.

\\\
\\\
\\\

3. To the extent the information provided comes from someone other than the person certifying the response, the source of the information shall be provided along with that person's role or other indication that the representation is accurate.

IT IS SO ORDERED.

Dated: **May 30, 2024**                    /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE