**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WESLEY COTTON,<br><br>        Plaintiff,<br><br>v.<br><br>MEDINA, *et al.*,<br><br>        Defendants. | Case No. 1:22-cv-00568-JLT-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF No. 63)<br><br>AND<br><br>ORDER CONSTRUING PLAINTIFF'S FILINGS AS A MOTION FOR SANCTIONS AND ORDERING SUPPLEMENTAL BRIEFING<br><br>(ECF NOS. 69, 80) |

Plaintiff Wesley Cotton is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleged that while he was in a locked caged enclosure in the B yard of Corcoran State Prison (CSP), toxic gas from cannisters used to break up a fight in the C yard drifted over and injured him. Defendant Medina failed to protect Plaintiff from the gas, and Plaintiff was not provided with medical care afterwards. (*See generally* ECF No. 1).

Before the Court is Plaintiff's motion to compel B-yard footage, which Plaintiff argues would show his interactions with Medina that prompted this lawsuit. (ECF No. 63). Defendants have filed an opposition to that motion along with supporting declarations (ECF No. 68), asserting that they did not produce the footage because it does not exist. Plaintiff filed a Reply,

1

arguing that Defendants had a duty to preserve this footage and their failure to preserve it constitutes spoliation of evidence. (ECF No. 69).

Following an order from this Court for supplemental briefing (ECF No. 74), Defendants filed additional briefing and declarations (ECF No. 78) to support their assertion the footage does not exist. Plaintiff replied, asking the Court to impose sanctions for destruction of the footage. (ECF No. 80).

For the following reasons, the Court will deny Plaintiff's motion to compel (ECF No. 63). However, the Court construes Plaintiff's filings (ECF Nos. 69, 80) as a motion for spoliation sanctions, and orders additional briefing on this issue, as provided below.

**I.    BACKGROUND**

  **A. Plaintiff's complaint**

Plaintiff filed the Complaint commencing this action on May 11, 2022. (ECF No. 1). Plaintiff alleged that on March 19, 2022, he was outside in a caged enclosure, which subsequent filings clarify was in the B-yard. (*See generally* ECF No. 1; ECF No. 71). Plaintiff also alleged that while he was outside, two inmates in C-Yard engaged in a fistfight, and tower officers in the C-Yard, who Plaintiff identified as Doe Defendants, responded by firing gas canisters. (ECF No. 1). The gas entered Plaintiff's caged enclosure, choking him and assaulting his eyesight. (*Id.* 3–5).[1]

According to Plaintiff's complaint, Defendant Sgt. Medina did not fire the canisters, but failed to protect Plaintiff from the gas, and issued the order to yard officers to lock Plaintiff inside the caged enclosure, leaving Plaintiff exposed to the gas. (*Id.* at 5). Plaintiff alleges, "as can be seen on the yard surveillance tapes, officers ran into program office for cover leaving Plaintiff in harm." (*Id.*) Further, according to Plaintiff, Defendant Medina ignored Plaintiff's pleas for help and medical aid. (*Id.*) After reviewing Plaintiff's complaint, the Court found that Plaintiff's Eighth Amendment excessive force claim against Doe Defendants and his failure to

---

[1] Page numbers refer to the blue CM/ECF numbers in the top right corner of the document.

protect claim against defendant Medina should proceed past screening. (ECF No. 9 at 1). Parties then engaged in discovery.

### B. Plaintiff's Motion to Compel (ECF No. 63)

On January 29, 2024, Plaintiff filed a motion to compel video from 3B yard from March 19, 2022, between 12 pm and 3pm, which he alleges would show him being trapped in the enclosure in the B-yard and his interactions with Defendant Medina. (ECF No. 63 at 1). Plaintiff argues that Defendants have been on notice even "prior to him commencing this civil action to hold and preserve all video footage regarding this matter."[2] (ECF No. 63 at 1).

After Defendants failed to respond to Plaintiff's motion, on March 25, 2024, the Court issued a Minute Order (ECF No. 65), setting a briefing schedule.

### C. Defendants' response (ECF No. 68)

On April 9, 2024, Defendants filed an opposition (ECF No. 68) to Plaintiff's motion to compel, along with some declarations and exhibits.

Defendants argue that the Court should deny Plaintiff's motion for footage from yard 3B because such footage does not exist. (ECF No. 68 at 3). Defendants state:

> [T]he incident at issue in this case for which Plaintiff has brought suit involves a gang fight that occurred among other inmates in a yard separate from the one where Plaintiff was housed. Because there was no "triggering event" or incident that took place in Yard 3-B (where Plaintiff was housed), Corcoran staff did not preserve or retain any AVSS or BWC footage beyond Corcoran's 90-day video retention policy. (Declaration of P. Williams (Williams Decl.), ¶¶ 4–5, Exh. 1 (Corcoran Operational Procedure 227, Body-Worn Camera Technology & Video Retention Policy).) On the other hand, and similarly consistent with policy, the video footage from Yard 3-C where the incident occurred was preserved and has been produced in this litigation. (Cribbs Decl. 3.)

(ECF No. 68 at 5).

---

[2] For clarity, minor alterations—such as altering punctuation and correcting misspellings—have been made to some of Plaintiff's quotations in the pleadings without indicating each change.

### D. Plaintiff's Reply (ECF No. 69)

Plaintiff filed a Reply on April 22, 2024. (ECF No. 69). Plaintiff argues that by filing a grievance and a government claim, he gave notice well within 90-day period, which should have triggered the obligation to preserve the video footage. (ECF No. 69 at 1–2).

Plaintiff further argues that destruction of video footage after being put on notice constitutes evidence that Defendants are acting in bad faith. (*Id.* at 3–4). Plaintiff then makes an "argument for default," which appears to be a motion to impose terminating sanctions on Defendants. (*Id.* at 4). Plaintiff encloses citations of some cases that reference sanctions for spoliation of evidence. (*Id.* at 6–8).

Among other exhibits to his Reply, Plaintiff also attaches "Report of Findings – Inmate Interview" (ECF No. 69 at 21–22), which provides a summary of information obtained from Plaintiff's interview in conjunction with his grievance Log #35924. This report states that the incident occurred on March 19, 2022 and that the interview was conducted on April 19, 2022.[3] In the field that calls for summary of the "statements made by the inmate during the interview," the report states "Inmate claims that chemical agents were deployed on Facility 3C and while he was on Facility 3B the wind carried the chemical agents to Facility 3B resulting in him having to try to hold his breath and for ten minutes he had to breathe the agents." (ECF No. 69 at 21). Other exhibits show that Plaintiff (unsuccessfully) submitted documents to the Government Claims Program on May 6, 2022 (ECF No. 69 at 25), and a memo from Litigations Office at Corcoran dated May 12, 2022, which states that Plaintiff's "E-file documents for case number 1:22-cv-00568-EPG (PC) have been forwarded to the law library." (ECF No. 69 at 26).

### E. Order from this Court for supplemental briefing (ECF No. 74).

After review of the briefing, the Court issued an order (ECF No. 74) detailing several issues with Defendants' response (ECF No. 68).

---

[3] On the recording itself, the interviewing staff states that interview is taking place on April 4, 2022.

The Court noted that "the discovery responses that assert that the video does not exist are not signed by an attorney (ECF No. 68–1 at 20) as required by Fed. R. Civ. P. 26(g)(1)" and that these responses "fail to describe the basis for its conclusion with sufficient specificity to allow the Court to determine whether Defendants made a reasonable inquiry and exercised due diligence." (ECF No. 74 at 1–2).

The Court also noted that Defendants rely on "an unsigned declaration from Litigation Coordinator indicating that she is relying on the 90-day retention policy to assert that no footage exists for Yard 3-B on March 19, 2022. . . . However, the retention policy is dated after the date of the incident. . . . It does not appear that Defendants have provided the retention policy applicable to this incident." (ECF No. 74 at 2).

Finally, while Defendants filed a declaration by attorney Cribbs, "in which he states that he 'asked about the existence of the video footage' and 'was told that no such video footage existed . . . Attorney Cribbs does not appear to have personal knowledge of whether the footage exists, and does not describe who provided this information or how they ensured that it was accurate." (ECF No. 74 at 2).

Accordingly, the Court ordered supplemental briefing correcting these deficiencies. (*Id.* at 2–3).

### F.  Defendants' Supplemental Briefing (ECF No. 78)

Following the Court's order, Defendants filed a supplement on June 27, 2024. (ECF No. 78). Attached to the supplement was Exhibit A (ECF No. 78 at 5–15), which included amended responses to Plaintiff's requests for production of B-yard footage, signed by an attorney, showing that Defendants made a reasonable inquiry and exercised due diligence in the search for these documents. (ECF No. 78 at 10–11).

Defendants' supplement includes Declaration of P. Williams, Litigation Coordinator at CSP (ECF No. 78–1) and as exhibits to it, the retention policies for both body-worn cameras and AVSS stationary building camera at the time of the incident at issue in this lawsuit. (ECF No. 78–1 at 5–36). The declaration states that "because there was no 'triggering' event that

5

took place on Facility 3B yard on March 19, 2022, there was no AVSS or BWC footage preserved beyond the 90 days." (ECF No. 78–1 at 3).

### G. Plaintiff's Reply to Supplemental Briefing (ECF No. 80).

Plaintiff responded on July 17, 2024, arguing that Defendants failed to preserve critical video footage from March 19, 2022 and asking the Court to impose sanctions. (ECF No. 80). Plaintiff included a number of exhibits with his response, including a letter from Defendants' counsel dated June 27, 2024, acknowledging that he received Plaintiff's "Notice of Motion for Sanctions under FRCP. 37 (e) Spoil of Evidence, Giving in Good Faith under Safe Harbor FRCP 11 21 Days to Cure Your Dishonor." (ECF No. 80 at 41–42).

## II. LEGAL STANDARDS

### A. Scope of Discovery

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The Court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response . . . ." Fed. R. Civ. P. 37(a)(4).

### B. Spoliation

Federal Rule of Civil Procedure 37(e) states:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:

>> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
>> (A) presume that the lost information was unfavorable to the party;
>>
>> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>>
>> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

"Spoliation is an evidentiary doctrine under which a district court can, in its discretion, sanction a party that destroys evidence, if the party is on notice that the evidence is potentially relevant to pending litigation." *Leeson v. Transamerica Disability Income Plan*, 279 F. App'x 563, 565 (9th Cir. 2008). "A party seeking spoliation sanctions 'must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.'" *Scalia v. County of Kern*, 2020 WL 5959905, at *4 (E.D. Cal. Oct. 8, 2020) (quoting *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1078 (N.D. Cal. 2006)).

A party who has engaged in spoliation of evidence may be sanctioned under the inherent power of the federal courts to sanction abusive litigation practices or under Fed. R. Civ. P. 37. *Harris v. German*, No. 1:15-cv-01462-DAD-GSA PC, 2019 WL 6700513, at *1 (E.D. Cal. Dec. 6, 2019); *Scalia v. County of Kern*, No. 1:17-cv-1097-NONE-JLT, 2020 WL 5763767, at *1 (E.D. Cal. Sept. 28, 2020).

"A terminating sanction, [under Rule 37(e)(2)(C),] whether default judgment against a defendant or dismissal of a plaintiff's action, [however,] is very severe." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (emphasis added). Terminating sanctions against a party accused of spoliation, however, are appropriate when the

7

1 Court finds "willfulness, fault, or bad faith." *Leon v. IDX Systems Corp*, 464 F.3d 951, 958 (9th
2 Cir. 2006) (quoting *Anheuser-Busch, Inc. v. Natural Beverage Distrib.*, 69 F.3d 337, 348 (9th
3 Cir. 1995)); *see also Columbia Pictures, Inc. v. Bunnell*, No. 2:06-cv-01093 FMC(JCx), 2007
4 WL 4877701 at *5–8 (C.D. Cal. Dec. 13, 2007) (granting default judgment due to evidentiary
5 spoliation). "A party's destruction of evidence qualifies as willful if the party has some notice
6 that the documents were potentially relevant to the litigation before they were destroyed."
7 *Leon*, 464 F.3d at 959 (emphasis in original) (internal quotation omitted).

### III. ANALYSIS

#### A. Motion to Compel (ECF No. 63)

Defendants' supplemental discovery responses to Plaintiff's request for "all camera footage from the date 3–19–22" related to yard 3B and "room 3B facility" now state, in relevant part, that:

> Without waiving any objection, after a reasonable search and diligent inquiry, no responsive documents exist. That reasonable search and diligent inquiry includes the following from P. Williams, a Correctional Counselor II, and Litigation Coordinator at California State Prison - Corcoran, As the Litigation Coordinator she is the custodian of records for all inmate files (including Plaintiff) and whose responsibilities include producing documents for all civil matters, fulfilling subpoena requests for court orders, appearing for *Pitchess* motions and small claims cases, clearing all attorneys for visits, scheduling all legal calls and visits, and serves as the Public Records Act Coordinator and Records Retention Liaison for Corcoran. In her efforts locate the requested camera footage, P. Williams contacted the Investigative Services Unit (ISU) at California State Prison - Corcoran and spoke with ISU AGPA L. Pickering who informed her that she had conducted a search for the video footage and that there was none retained for March 19, 2022. P. Williams was then referred to the Contraband Interdiction and Safety Solutions (CISS) unit at California State Prison - Corcoran, which is responsible for deployment of the video system and its mechanics. P. Williams spoke with J. Ford of the CISS unit, who informed her that there is no way to obtain the video footage after the 90-day retention period and that there is no back-up copy any other means to now retrieve a copy of the requested video footage.

1 (ECF No. 78 at 10–11).

Plaintiff does not challenge Defendants' assertion that they conducted a good-faith search for the relevant footage, and that the 3B yard footage he seeks no longer exists.

The Court cannot compel Defendant to provide footage that no longer exists. Therefore, Plaintiff's motion to compel (ECF No. 63) will be denied.

### B. Motion for Sanctions (ECF No. 69, 80)

Plaintiff first raised the issue of spoliation in his Reply (ECF No. 69) in support of his motion to compel. Plaintiff argues that destruction of video footage after being put on notice constitutes evidence that Defendants are acting in bad faith. (*Id.* at 3–4). Plaintiff then makes an "argument for default," which appears to be a motion to impose terminating sanctions on Defendants. (*Id.* at 4). Plaintiff also argues that Defendants' failure to produce the video evidence should result in sanctions barring Sgt. Medina from claiming she was not present on the 3B yard on March 19, 2022. (ECF No. 80 at 4–5).

Defendants have not responded to these requests for sanctions or sought leave to file a sur-reply.

Court construes Plaintiff's filings ECF Nos. 69 and 80 as a motion for spoliation sanctions. Accordingly, the Court orders Defendants to file supplemental briefing addressing Plaintiff's arguments for sanctions under both the inherent power of the Court and Rule 37(e).

### IV. CONCLUSION AND ORDER

Based on the foregoing, **IT IS ORDERED**:

1. Plaintiff's Motion to Compel discovery (ECF No. 63) is **DENIED**.
2. No later than September 18, 2024, Defendants shall file supplemental briefing addressing Plaintiff's motion for sanctions (ECF Nos. 69, 80). If no response is filed by that date, the Court will consider the motion unopposed.

\\\
\\\
\\\
\\\

3. Plaintiff may file a Reply within two weeks of Defendants' response, if any is filed.

IT IS SO ORDERED.

Dated:   **August 28, 2024**              /s/ Eric P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE