UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY COTTON,<br><br>        Plaintiff,<br><br>v.<br><br>MEDINA, *et al.*,<br><br>        Defendants. | Case No. 1:22-cv-00568-JLT-EPG (PC)<br><br>ORDER TO SHOW CAUSE<br>RE: ATTORNEY GREGORY CRIBBS<br><br>RESPONSE DUE<br>WITHIN FOURTEEN DAYS |

      It appears from the State bar website that Defendants' counsel, Gregory Cribbs, California Bar Number 175642, was not eligible to practice law in California between July 2, 2024, and August 6, 2024. *See* The State Bar of California, Attorney Profile, Gregory Martin Cribbs #175642, *available at* https://apps.calbar.ca.gov/attorney/Licensee/Detail/175642 (last visited October 11, 2024).[1]  Specifically, the California state bar website shows the following information:

//

---

[1] This Court takes judicial notice of the publicly available licensing records on the State Bar of California website. *See, e.g.*, *Gonzalez-Chavez v. City of Bakersfield*, No.1:12-cv-02053 JLT, 2016 WL 2898132, at *1 (E.D. Cal. May 17, 2016) (taking judicial notice of attorney records, including disciplinary records, on California State Bar website).

**Gregory Martin Cribbs #175642**

License Status: Active

Address: DOJ/Office of the Attorney General, 300 S Spring St, 9th Floor N, Los Angeles, CA 90013

Phone: 213-269-6259 | Fax: 213-897-2805

Email: gregory.cribbs@doj.ca.gov | Website: Not Available

More about This Attorney ▼

**License Status, Disciplinary and Administrative History**

All changes of license status due to nondisciplinary administrative matters and disciplinary actions.

| Date | License Status | Discipline | Administrative Action |
|---|---|---|---|
| Present | Active | | |
| 8/6/2024 | Active | | |
| 7/2/2024 | Not eligible to practice law in CA | | Admin Inactive/CTAPP noncompliance |
| 1/9/1995 | Admitted to the State Bar of California | | |

During the time period when he was not eligible to practice law in California, on July 30, 2024, Gregory Cribbs filed a motion for extension of time in this case before this Court. (ECF No. 81). In addition to signing the filing as an attorney for Defendants (*id.* at 2), Cribbs also submitted a declaration sworn under penalty of perjury, stating that he is "an attorney admitted to practice in California and before this Court." (ECF No. 81 at 3). The declaration further details his actions during the time period he was not licensed to practice law in California:

> From the date of the filing of Plaintiffs opposition papers, to present, the undersigned has been diligently attempting to gather information and prepare a response that addresses the issues raised in Plaintiffs opposition papers, including the declarations. However, because of the undersigned's schedule, I have not been able to complete the reply papers. Specifically, the undersigned just completed a court trial on Friday, July 26, 2024 (Alameda County Superior Court Case Number 23CV042750 (People v. Henter, LLC, et al.). Between the time that

> Plaintiffs reply papers were filed on July 17, 2024, and the date of the above-mentioned court trial, the undersigned was preparing and organizing exhibits, making travel arrangements, preparing witnesses and documentary evidence for trial, etc. Since completion of the court trial, on Friday, July 26, 2024, the undersigned has also attempted to prepare the reply papers in this case.

(ECF No. 81 at 3).

Local Rule 180 governs admission of attorneys to practice before this Court. "Admission to and continuing membership in the Bar of this Court are limited to attorneys who are active members in good standing of the State Bar of California." L.R. 180(a). Local Rule 180(b) provides, subject to exceptions not applicable here, that only members of the Bar of this Court shall practice in this Court. L.R. 180(b). Local Rule 180(c) further imposes an obligation on an attorney who is a member of the Bar of this Court to promptly notify the Court of any change in its license status:

> (c) Notice of Change in Status. An attorney who is a member of the Bar of this Court . . . shall promptly notify the Court of any change in status in any other jurisdiction that would make the attorney ineligible for membership in the Bar of this Court or ineligible to practice in this Court. In the event an attorney appearing in this Court under (b) is no longer eligible to practice in any other jurisdiction by reason of suspension for nonpayment of fees or enrollment as an inactive member, the attorney shall forthwith be suspended from practice before this Court without any order of Court until becoming eligible to practice in another jurisdiction.

Pursuant to Local Rule 180(d),

> The Court may order any person who practices before it in violation of this Rule to pay an appropriate penalty that the Clerk shall credit to the Court's Nonappropriated Fund. Payment of such sum shall be an additional condition of admission or reinstatement to the Bar of this Court.

L.R. 180(d). Finally, Local Rule 110 further provides that counsel's failure to comply with the Local Rules or with any order of the Court may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court. L.R. 110.

Accordingly, Gregory Cribbs is **ORDERED TO SHOW CAUSE** why sanctions should not be imposed for failure to comply with the Local Rules and for the unauthorized practice of law before this Court, as well as making false representations to this Court. Mr. Cribbs shall file a written response to this order to show cause within fourteen (14) days of service of this order.

Failure to respond to this Order may result in the imposition of sanctions, including but not limited to payment of an appropriate penalty.

IT IS SO ORDERED.

Dated: __October 11, 2024__                        /s/ Erica P. Grosjean
                                                                      UNITED STATES MAGISTRATE JUDGE