1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

WESLEY COTTON,

               Plaintiff,

v.

MEDINA, *et al.*,

               Defendants.

Case No. 1:22-cv-00568-JLT-EPG (PC)

ORDER DENYING PLAINTIFF'S SECOND MOTION TO COMPEL AND GRANTING IN PART PLAINTIFF'S THIRD MOTION TO COMPEL

(ECF NO. 67, 72)

17
18
19
20
21

      Plaintiff Wesley Cotton is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that while he was in a locked caged enclosure in the B yard of Corcoran State Prison (CSP), toxic gas from cannisters used to break up a fight in the C yard drifted over and injured him. Defendant Medina failed to protect Plaintiff from the gas and Plaintiff suffered from exposure. (*See generally* ECF No. 1).

22
23
24
25
26

      Pending before the Court are Plaintiff's motions to compel the production of camera footage and other evidence, which Plaintiff contends would demonstrate his interactions with Medina—the events underlying this action—or otherwise support his claims. (ECF No. 67, 72.) Defendants argue that this evidence does not exist or is not relevant. (ECF No. 97). Plaintiff filed a Reply. (ECF No. 106).

27
28

      For the reasons stated below, the Court grants in part and denies in part Plaintiff's Motions to Compel.

Plaintiff also filed miscellaneous other notices, letters, and objections. As explained below, the Court will take no action on Plaintiff's letter of rogatory (ECF No. 91) or proposal for ADR (ECF No. 104).[1]

## I.      PROCEDURAL HISTORY

### A.  Plaintiff's Complaint

Plaintiff filed the Complaint commencing this action on May 11, 2022. (ECF No. 1). Plaintiff alleged that on March 19, 2022, he was outside in a caged enclosure, which subsequent filings clarify was in the B-yard. (*See generally* ECF No. 1; ECF No. 71). Plaintiff also alleged that while he was outside, two inmates in C-Yard engaged in a fistfight, and tower officers in the C-Yard, who Plaintiff identified as Doe Defendants, responded by firing gas canisters. (ECF No. 1). The gas entered Plaintiff's caged enclosure, choking him and assaulting his eyesight. (*Id.* 3–5).[2]

According to Plaintiff's complaint, Defendant Sgt. Medina did not fire the canisters, but failed to protect Plaintiff from the gas, and issued the order to yard officers to lock Plaintiff inside the caged enclosure, leaving Plaintiff exposed to the gas. (*Id.* at 5). Plaintiff alleges, "as can be seen on the yard surveillance tapes, officers ran into program office for cover leaving Plaintiff in harm." (*Id.*) Further, according to Plaintiff, Defendant Medina ignored Plaintiff's pleas for help and medical aid. (*Id.*)

After reviewing Plaintiff's complaint, the Court found on August 2, 2022, that Plaintiff's Eighth Amendment excessive force claim against Doe Defendants and his failure to protect claim against defendant Medina should proceed past screening. (ECF No. 9 at 1). The parties then engaged in discovery and motions practice.

---

[1] The Court will address Plaintiff's motions to sanctions (ECF No. 69, 80), notice of default (ECF No. 109), and motion for default judgment (ECF No. 103) in a separate order in due course. Additionally, the Court construes Plaintiff's Objections (ECF No. 108, 110) filed on November 18, 2024, and November 26, 2024, respectively, as a response to Defendants' objections (ECF No. 105) to Findings and Recommendations (ECF No. 100), which will be addressed by the district judge.

[2] Page numbers refer to the blue CM/ECF numbers in the top right corner of the document.

### B. Plaintiff's First Motion to Compel

Plaintiff initially filed a motion to compel (ECF No. 63) seeking video footage from 3B prison yard, which he claimed would show him trapped in the enclosure on March 19, 2022, and interacting with Defendant Medina. Defendants eventually opposed the motion (ECF No. 68, 78), contending that no footage existed because no "triggering event" occurred in Yard 3B that day, and thus no video was preserved beyond the 90-day retention period. Plaintiff replied by arguing that his grievances and notices filed within the 90-day period should have triggered Defendants' obligation to retain the footage, alleging bad faith spoliation and seeking sanctions. (ECF No. 69, 80).

Ultimately, the Court denied Plaintiff's first motion to compel (ECF No. 90) because the requested footage no longer existed and could not be produced.

However, the Court construed Plaintiff's Replies (ECF No. 69, 80) as motions for sanctions and requested additional briefing (ECF No. 90) on the issue of whether Defendants should be sanctioned for failing to preserve the video footage, which the Court will address in a separate order.

### C. Plaintiff's Second and Third Motions to Compel

Plaintiff filed two more motions to compel on April 8, 2024 (ECF No. 67) and May 21, 2024 (ECF No. 72). As with his first motion to compel (ECF No. 63), in his second motion to compel Plaintiff also asked for B-yard footage from March 19, 2022. (ECF No. 67). Plaintiff contends it would show his interactions with Medina.

In addition, Plaintiff asked for audio and video from Sgt. Medina's vest camera and footage from vest cameras of the remaining Defendants "involved in utilizing the chemical agents" on March 19, 2022, for "one hour prior to the incident that led to use of force." (ECF No. 67 at 2). Plaintiff argues it would show that Defendants anticipated the altercation because it was orchestrated. (*Id.*)

In his third motion to compel, Plaintiff sought "3B yard count log for the entire yard regarding who was responsible for observing the close custody count on 3-19-22," "SOMS

login log for the computers in the Program office computers," and "3B equipment check out log for the program office." (ECF No. 72).

Defendants' opposition (ECF No. 97) largely mirrors Defendants' earlier responses (ECF No. 68, 78) to Plaintiff's first motion to compel. Defendants argue that the Court should deny Plaintiff's motions because he failed to meet and confer with them before filing the motion and because the evidence he seeks no longer exists. (*See generally* ECF No. 97). Defendants again contend that footage was not preserved because no "triggering event" or incident took place in Yard 3-B. (*Id.* at 7). Finally, Defendants argue that the evidence Plaintiff seeks is not relevant, not proportional to the needs of this case, or has already been produced. (*Id.* at 8).

Plaintiff replied, arguing that Defendants did not respond timely to the Court's order for briefing. (ECF No. 106).

### D.  Plaintiff's Other Filings

Plaintiff also filed a letter of rogatory (ECF No. 91) and a proposal for ADR (ECF No. 104). Defendants have not filed responses.

## II.   LEGAL STANDARDS

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The Court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response . . . ." Fed. R. Civ. P. 37(a)(4).

### III. ANALYSIS

#### A. Failure to meet-and-confer; timeliness

As an initial matter, Defendants argue that Plaintiff's motions should be denied because Plaintiff failed to meet and confer prior to filing of either motion, as Federal Rule of Civil Procedure 37 and Local Rule 251 require.

Federal Rule of Civil Procedure 37(a)(1) permits a party to move for an order compelling discovery, upon certification that the movant has in good faith conferred or attempted to confer with the opposing party in an effort to obtain the requested discovery without court action. Fed. R. Civ. P. 37(a)(1). Local Rule 251 requires that a motion made pursuant to Federal Rule of Civil Procedure 37 "shall not be heard unless . . . the parties have conferred and attempted to resolve their differences." E.D. Cal. L.R. 251(b). Local Rule 251 further notes that the meet and confer shall be conducted in "a good faith effort to resolve the differences that are the subject of the motion." *Id.*

The Court finds that failure of incarcerated Plaintiff proceeding *pro se* to meet and confer with defense counsel prior to filing the motion to compel does not provide a sufficient basis to deny the motion. *See Kahaku v. Wallace*, No. 2:20-cv-1807 KJN P, 2022 WL 2333725 (E.D. Cal. June 28, 2022) (relieving "the parties of the meet and confer requirement under Local Rule 251 because plaintiff is incarcerated, making it difficult for the parties to engage in face to face conferences"); *Manning v. Bunnell*, 2:12-cv-2440 MCE AC P, 2014 WL 7336229, at *1 (E.D. Cal. Dec. 19, 2014) (holding that there is no requirement for *pro se* prisoner to meet and confer and noting that *pro se* cases are governed by Local Rule 230(l)).

The Court also notes that defense counsel has repeatedly claimed in this case that it cannot meet and confer with Plaintiff regarding Defendants' own motions because Plaintiff is incarcerated and proceeding *pro se*. *See, e.g.*, ECF No. 21 at 2 ("Plaintiff Cotton, who is currently incarcerated and proceeding *pro se*, could not easily be contacted under shortened time regarding his position on this extension request."); ECF No. 57 at 4 ("A stipulation to this extension cannot reasonably be obtained because Plaintiff is an inmate incarcerated at California State Prison-Corcoran. He therefore cannot be contacted in a timely manner to

request a stipulation to this extension request."); ECF No. 61 at 1 ("Plaintiff Cotton, who is currently incarcerated and proceeding *pro se*, could not easily be contacted under shortened time regarding his position on this modification request."); ECF No. 71 at 2 ("Plaintiff Cotton, who is currently incarcerated and proceeding *pro se*, could not easily be contacted under shortened time regarding his position on this extension request."); ECF No. 81 at 2 (same); ECF No. 88 at 2 (same); ECF No. 94 at 2 (same).  It is thus disingenuous for Defendants to now claim that Plaintiff's motions should be denied for failing to meet and confer.

As to Plaintiff's argument (ECF No. 106 at 2) that Defendants failed to timely respond to the Court's order granting a sua sponte extension of time (ECF No. 84), Court finds it without merit. The Court's order extended the deadline for Defendants to respond to Plaintiff's motions to compel until August 29, 2024. (ECF No. 84). On August 27, 2024, Defendants timely moved for a 14-day extension of time to file their response (ECF No. 88), which the Court granted (ECF No. 89), ordering that Defendants "shall file a response by no later than September 12, 2024." On September 11, 2024, Defendants again timely moved for another 14-day extension of time (ECF No. 94), which the Court also granted (ECF No. 95), ordering Defendants to file a response by no later than September 26, 2024. Defendants filed their response (ECF No. 97) a day before the deadline, September 25, 2024, which is timely.

Accordingly, the Court will address the merits of Plaintiff's motions to compel.

**B.  3B Yard footage**

To the extent Plaintiff's motions to compel again seek to compel B-yard footage from March 19, 2022, the Court has already denied this motion because Defendants represent that the footage was not retained and no longer exists.  The same result is mandated here with respect to duplicative request for the same footage.[3]

**C.  Other video footage and 3B equipment log**

Plaintiff also moves to compel video from Sgt. Medina's vest camera and as well footage from vest cameras of the remaining Defendants "involved in utilizing the chemical

---

[3] The Court will address Plaintiff's request for sanctions (ECF No. 69, 80) related to Defendants' failure to preserve this evidence in a separate order.

agents" on March 19, 2022, for "one hour prior to the incident that led to use of force." (ECF No. 67 at 2).

Regarding Medina's body camera footage for the day of alleged incident, Defendants state that this footage does not exist because it was not preserved. (ECF No. 97 at 7). The Court will thus deny the motion to compel because the evidence no longer exists. The Court will address Plaintiff's request for sanctions the failure to retain this evidence in a separate order.

Additionally, Defendants contend that the Body-Worn Camera (BWC) footage for Defendants involved in utilizing chemical agents was produced and reviewed by the plaintiff, but any footage from one hour prior to the incident is irrelevant and not proportional to the needs of the case. The Court agrees that this footage is not relevant. This footage was also not preserved beyond the 90-day retention policy. The Court will thus deny the motion to compel the BWC footage for defendants involved in utilizing chemical agents and any footage from one hour prior to the incident.

With respect to "3B equipment check out log," Defendants assert that there is no such document, "as any equipment assigned to any specific staff member is not captured within any type of equipment log." (ECF No. 97 at 8). The Court will thus deny Plaintiff's request for the 3B equipment check out log.

Therefore, the Court will **DENY** Plaintiff's second motion to compel (ECF No. 67) in its entirety and will **DENY IN PART** Plaintiff's third motion to compel (ECF No. 72), with respect to equipment log.

### D. 3B yard count log and SOMS login log

The final two items in Plaintiff's third motion to compel are "3B yard count log for the entire yard regarding who was responsible for observing the close custody count on 3-19-22" and "SOMS[4] log in log for the computers in the program office on 3B Yard, and log in tracking for personnel who use the 3B program office computers."[5] (ECF No. 72 at 1).

---

[4] Strategic Offender Management System (SOMS). (ECF No. 79 at 117).

[5] While Defendants state that "an argument could be made that none of these documents were ever actually requested, because Plaintiffs requests were so difficult to decipher" (ECF No. 97 at 2), they do not actually make that argument. In addition, Defendants filed a complete set of Defendant

Plaintiff argues that this evidence is relevant, because Defendant Medina stated she was never on 3B Yard and this evidence would show that she was. (*Id.* at 2). Plaintiff asserted in his complaint (ECF No. 1 at 3) that Defendant Medina ran past him and into the 3B program office. Plaintiff argued the same in his opposition (ECF No. 79 at 7) to Defendants' motion for summary judgment, where Medina asserted that she was not present in yard 3B and did not give anyone any orders at the time of the alleged incident (ECF No. 70 at 13). Plaintiff contends that Medina was the only supervising Sargent for 3B yard that day, and being assigned to EOP[6] office did not negate her duty to supervise the yard. (ECF No. 79 at 7). Moreover, "RS204" designation on her FLSA sheet means she was a roving sergeant, which would have put her at the program office on 3B yard.

Defendants assert that these requests "are vague, overbroad, and burdensome as indicated in the original objections provided on September 21, 2023." (ECF No. 97 at 8). Defendants also provide the following the information in the accompanying declaration:

> On September 18, 2024, I received an email response from correctional sergeant S. Hall who, "'based on his career experience and current assignment as a Strategic Offender Management System (SOMS) Subject Matter Expert (SMS)," provided the following "insight" and "response" to the requested "Count Log," "SOMS login log," and . . . . As to the "Count Log" and "SOMS login log," correctional sergeant S. Hall stated that, "[A]ll CDCR Computers within any institution [including CSP-Corcoran] are networked with the same Domain. This ·allows any User to log into the Network onto any device or terminal from any location and allow access to the User's files and application. Logging onto any CDCR device DOES NOT confirm where a staff member is assigned to, only that the staff member (location of device within the Network).

(ECF No. 97-1 at 2–3). Defendants then argue that "[l]ogging onto any CDCR device does not confirm where a staff member is assigned to, but only that the staff member logged onto a

---

Medina's amended responses to Plaintiff's requests for production (ECF No. 78 at 5–15), which show that Plaintiff did request various sign in logs. (*See, e.g.,* RFP Nos. 3, 4, 5, 9 at ECF No. 97 at 7, 9).

[6] Enhanced Outpatient Program.

device in a specific location based upon the device's Internet Protocol (IP) address (location of device within the network)." (ECF No. 97 at 2). And to verify where staff members are assigned to, Defendants provided FLSA sheets. (*Id.* at 3).

Defendants fail to address Plaintiff's request for "3B yard count log for the entire yard regarding who was responsible for observing the close custody count on 3-19-22" altogether.

With respect to request for "SOMS log in log for the computers in the program office on 3B Yard, and log in tracking for personnel who use the 3B program office computers," Defendants' argument that Plaintiff already has sign-in sheets showing where Defendant Medina was assigned is unpersuasive. Plaintiff is not seeking to confirm Medina's *assignment*; rather, he wants to bolster his claim that—regardless of what the sign-in sheet says—Medina was *present* in 3B Yard or in the 3B yard program office, and to identify potential witnesses who may also have been present. (ECF No. 72 at 2).

From the declaration filed by Defendants with their response, it appears that the discovery Plaintiff seeks would potentially establish that "the staff member [was] logged onto a device in a specific location based upon the device's Internet Protocol (IP) address (location of device within the network)." (ECF No. 97 at 2). Therefore, with these logs, Plaintiff could establish whether Medina was logged in from computers in the 3B program office and who else was.

The Court also finds that this discovery is proportional to the needs of the case, particularly in light of the parties' relative access to relevant information. Because Defendants did not preserve the video footage that could have established Medina's location, proximity to Plaintiff, and her actions toward him, Plaintiff's need for this information is heightened.

Defendants provided the Court with no information regarding burden or expense of the proposed discovery beyond a one-word assertion that it would be "burdensome." (ECF No. 97 at 8). However, as the Court cautioned in its Scheduling Order issued on May 30, 2023, "[b]oilerplate objections are disfavored and may be summarily overruled by the Court." (ECF No. 32 at 3).

9

Accordingly, the Court will **GRANT IN PART** Plaintiff's Motion third motion to compel filed on May 21, 2024 (ECF No. 72), and compel Defendants to produce the "3B yard count log for the entire yard regarding who was responsible for observing the close custody count on 3-19-22" and "SOMS log in log for the computers in the program office on 3B Yard, and log in tracking for personnel who use the 3B program office computers." The logs should be limited to the day of the alleged incident, March 19, 2022.

### E.  Plaintiff's Other Filings

As to Plaintiff's other filings, the Court makes the following findings:

**Letter of rogatory, ECF No. 91 (Aug. 30, 2024).** Plaintiff states that the Defendants are abusing court record by filing frivolous narratives and are providing the Court with misinterpreted facts. Plaintiff asks the Court to consider the context of Defendants' undisputed facts because they are "a thin and threadbare attempt to case blame and a pathetic attempt to shield the offending defendants from liability." (*Id.* at 2).

Defendants have not filed a response.

It is not clear what action Plaintiff wants the Court to take or what motions this letter refers to. To the extent the letter relates to Defendants' argument in their Reply in support of summary judgment that Plaintiff failed to properly address the undisputed material facts identified by Defendants (ECF No. 83 at 1–2), this issue was addressed in Findings and Recommendations (ECF No. 100).

The Court will take no further action on this Letter of Rogatory.  (ECF No. 91).

**Proposal for alternative dispute resolution, ECF No. 104 (Oct. 30, 2024).** Plaintiff states he remains open to negotiation, mediation, or arbitration. (*Id.* at 5).

Defendants have not filed a response.

The Court will not order a settlement conference at this time. However, at any point in this case, if both parties agree that a settlement conference would be productive, defense counsel may contact Court's ADR coordinator Sujean Park to schedule such a conference.

\\\
\\\

## IV.  CONCLUSIONS AND ORDER

Based on the foregoing, **IT IS ORDERED**:

1.  Plaintiff's second Motion to Compel discovery (ECF No. 67) is **DENIED**.

2.  Plaintiff's third Motion to Compel discovery (ECF No. 72) is **GRANTED IN PART**. Within 30 days, Defendants must produce to Plaintiff the following:

    a)  "3B yard count log for the entire yard regarding who was responsible for observing the close custody count on 3-19-22;" and

    b)  "SOMS log in log for the computers in the program office on 3B Yard, and log in tracking for personnel who use the 3B program office computers." The logs should be limited to the day of the alleged incident, March 19, 2022.

    Plaintiff's third motion to compel (ECF No. 72) is denied in all other respects.

3.  The Court will not act on Plaintiff's other filings (ECF Nos. 91, 104).[7]

IT IS SO ORDERED.

Dated:   **March 4, 2025**                    /s/ _Erica P. Grosjean_
                                     UNITED STATES MAGISTRATE JUDGE

---

[7] Again, the Court will address Plaintiff's requests for sanctions related to Defendants' failure to retain evidence in a separate order.

11