UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY COTTON,<br><br>           Plaintiff,<br><br> v.<br><br>MEDINA, *et al.*,<br><br>           Defendants. | Case No. 1:22-cv-00568-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE DENIED<br><br>(ECF No. 103)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiff Wesley Cotton (Plaintiff) is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that while he was in a locked caged enclosure in the B yard of Corcoran State Prison (CSP), toxic gas from cannisters used to break up a fight in the C yard drifted over and injured him.  Plaintiff alleges that Defendant Medina failed to protect Plaintiff from the gas and Plaintiff suffered from exposure. (*See generally* ECF No. 1).

Before the Court is Plaintiff's motion for default judgment made on the ground that Defendants' attorney, Gregory Martin Cribbs, was not licensed to practice law between July 2, 2024, to August 6, 2024.

Upon review, the Court recommends that Plaintiff's motion for default judgment be denied.

1

## I.  BACKGROUND

### A.  Order to Show Cause Regarding Attorney Gregory Cribbs

On October 11, 2024, this Court issued an order to show cause directed towards Gregory Cribbs (Cribbs), one of the attorneys who represented Defendants at that time.  (ECF No. 99).  According to the California State bar website, Cribbs was not eligible to practice law from July 2, 2024, to August 6, 2024.  (*Id*. at p. 2).  During that time period, Cribbs had filed a motion for extension to file a reply in support of Defendants' motion for summary judgment before this Court, which included a declaration sworn under penalty of perjury where he stated he was "an attorney admitted to practice in California and before this Court."  (ECF No. 81, at p. 3).

In response to the order to show cause, Cribbs filed a declaration stating he was listed as ineligible because he failed to timely comply with the State bar's new Client Trust Account Protection Program (CTAPP) and failed to timely pay the CTAPP noncompliance fee.  (ECF No. 101, Cribbs Declaration).  Cribbs stated his CTAPP noncompliance was based on his mistaken belief that CTAPP requirements did not apply to government attorneys, and when he completed the CTAPP requirement he was not aware he had to pay a noncompliance fee for late filing.  (*Id.* ¶¶ 4-5).  Cribbs stated he was alerted to his change in status on August 6, 2024, and corrected the issue by paying the fee on the same day, and his status was returned to "active".  (*Id.* ¶¶ 7-8).

Based on counsel's response, this Court discharged the order to show cause on October 21, 2024.  (ECF No. 102).

### B.  Plaintiff's Motion for Default Judgment

On October 30, 2024, Plaintiff filed a motion for default judgment.  (ECF No. 103). Plaintiff argues that default judgment should be entered against Defendants because they have "persistently displayed dishonesty, misconduct, and an unwillingness to resolve this matter equitably."  (*Id*. at p. 1).  Specifically, Plaintiff argues that default judgment is warranted because "Attorney General Gregory Martin Cribbs, representing the Defendants, engaged in unlawful and unethical conduct by practicing law without a valid license. Despite obtaining an

extension of time under false pretenses, Cribbs submitted evidence and motions that should be declared void under the fruit of the poisonous tree doctrine. This deliberate fraud upon the court compromises the entire defense case, rendering all motions filed during this period as null and void." (*Id.* at p. 2).

### C.   Cribbs No Longer Representing Defendants

On November 18, 2024, Defendants filed a notice stating that counsel assigned to represent Defendants had changed, and Cribbs was terminated from the case.  (ECF No. 107).

## II.   LEGAL STANDARD

### A.   Default Judgment

Rule 55 of the Federal Rule of Civil Procedure details the steps for entry of default and default judgment.  First, under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Then, pursuant to Rule 55(b) a court may order default judgment following the entry of default.  *See also Siegler v. Sorrento Therapeutics, Inc.,* No. 318CV01681GPCNLS, 2018 WL 6303728, at *1 (S.D. Cal. Dec. 3, 2018) ("A clerk's entry of default is a necessary predicate to obtaining default judgment."); *Tracy v. CEO, Successor Deutsche Nat. Tr. Co.,* No. 3:11-CV-0436-LRH-VPC, 2011 WL 6400311, at *1 (D. Nev. Dec. 20, 2011) ("In order to obtain a default judgment, a party must first obtain a clerk's entry of default which can only be obtained by establishing, through an affidavit, that a defendant has failed to plead or otherwise defend itself in the action.").

"The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

"Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil

Procedure favoring decisions on the merits." *Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir. 1986). "[D]efault judgments are ordinarily disfavored." (*Id*. at 1472).

## III.    ANALYSIS

Plaintiff's motion does not provide a basis for default judgment against Defendants. Defendants have not "failed to plead or otherwise defend" the lawsuit, as required by Federal Rule of Civil Procedure 55.

Nor does the Court find that default against defendants would be an appropriate sanction for counsel's conduct. While the Court appreciates the seriousness of appearing in court while on active status, Cribbs adequately explained that this was due to an error, which has been rectified. Moreover, counsel's sole filing during this time period was a request for extension of time.

Finally, there is no basis to punish Defendants for counsel's error.

Accordingly, the Court recommends that Plaintiff's motion for default judgment be denied.

## IV.    CONCLUSION AND RECOMMENDATION

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 103) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen pages, including exhibits. Any reply to the objections shall be served and filed within fourteen days after service of the objections.

\\\
\\\
\\\
\\\

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 8, 2025**                              /s/ Erica P. Grosjean
                                                      UNITED STATES MAGISTRATE JUDGE