UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY COTTON,<br><br>           Plaintiff,<br><br>v.<br><br>MEDINA, *et al.*,<br><br>           Defendants. | Case No. 1:22-cv-00568-JLT-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COURT-APPOINTED MEDICAL EXPERT<br><br>(ECF No. 120) |

       Plaintiff Wesley Cotton (Plaintiff) is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that while he was in a locked caged enclosure in the B yard of Corcoran State Prison (CSP), toxic gas from cannisters used to break up a fight in the C yard drifted over and injured him.  Plaintiff alleges that Defendant Medina failed to protect Plaintiff from the gas and Plaintiff suffered from exposure. (*See generally* ECF No. 1).

       Before the Court is Plaintiff's motion for a court-appointed medical expert.  (ECF No. 120).  Upon review, the Court denies Plaintiff's motion for a court-appointed medical expert.

**I.      BACKGROUND**

      **A.      Plaintiff's Motion for Court-Appointed Medical Expert**

       On May 14, 2025, Plaintiff filed a motion for a court-appointed medical expert.  (ECF No. 120).  Plaintiff argues that an expert should be appointed "to testify on the short- and long-

1

term effects of CN (chloroacetophenone) gas exposure, and the associated harm resulting from Defendants Sgt. Medina's failure to protect Plaintiff from such exposure." (*Id*. at p. 1). Plaintiff argues that the testimony is required to "clarify that a nurse's observation does not equate to medical expertise, especially when doctors have already diagnosed respiratory damage, prescribed steroids, and treated Plaintiff for aggravated sleep apnea and chronic inflammation." (*Id*. at p. 3).

Plaintiff also argues that a court-appointed expert is necessary because "Deputy Attorney General David E. Kuchinsky has demonstrated disregard for the Plaintiff's medical evidence." (ECF No. 120, at p. 3).

### B. Defendant Medina's Opposition

In her opposition filed on May 28, 2025, Medina argues that Plaintiff seeks a court-appointed expert for the improper reason of obtaining an advocate to testify in his favor rather than a neutral expert. (ECF No. 135). Medina also argues that Plaintiff fails to support his grounds for an expert, and "Plaintiff seeks an expert to attack Defendant's position and advocate for Plaintiff's claims, including establishing a basis for Plaintiff's purported damages, opining on the extent of those purported damages, and contradicting evidence contained in Plaintiff's medical records." (*Id*. at p. 4). Medina also argues that Plaintiff has failed to show that the claims at issue are so complex as to require a neutral expert to assist the trier of fact in this case. (*Id*. at p. 5).

### C. Plaintiff's Reply Brief

On June 20, 2025, Plaintiff filed a "response and clarification regarding Defendants' opposition to court-appointed medical expert" where he reiterates that he seeks the appointment of a medical expert to testify to the harmful effects of exposure to CN gas, and he argues that "defendants cannot oppose factual clarity while promoting a false narrative." (ECF No. 139).

## II. LEGAL STANDARD

### A. Court-Appointed Medical Expert

The Court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence. *See Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d

1065, 1071 (9th Cir. 1999).  Rule 706(a) states, "On a party's motion or on its own motion, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing."  Fed. R. Evid. 706(a).

     Court-appointed experts are typically used in complex litigation to assist the finder of fact.  *See Walker*, 180 F.3d at 1071 (appointing a physician expert witness where medical testimony was not "particularly clear"); *see also Wilkins v. Barber*, 562 F.Supp.3d 943, 945 (E.D. Cal. 2021) ("[C]ourt-appointed experts typically are used in complex litigation where the record is not clearly developed by the parties, and generally serve the purpose of aiding the court in understanding the subject matter at hand.").  However, court appointed experts are not advocates for one party, or a method to pay for experts to benefit a party.  *See Faletogo v. Moya*, No. 12CV631 GPC WMC, 2013 WL 524037, at *2 (S.D. Cal. Feb. 12, 2013) ("Rule 706(a) of the Federal Rules of Evidence does not contemplate court appointment and compensation of an expert witness as an advocate for one of the parties."); *Brooks v. Tate,* No. 1:11-CV-01503 AWI, 2013 WL 4049043, at *1 (E.D. Cal. Aug. 7, 2013) ("Rule 706 is not a means to avoid the in forma pauperis statute and its prohibition against using public funds to pay for the expenses of witnesses. . . .").

**III.    ANALYSIS**

     The Court declines to appoint an expert in this case.  Although Plaintiff states he is seeking a neutral expert, Plaintiff's arguments demonstrate that he is seeking an expert who can testify to support his position while also rebutting the defense's position.  Rule 706(a), however, does not contemplate the appointment of an expert to assist one party.

     Further, the Court finds that this case is not unduly complex such that it requires a court-appointed expert.  This case proceeds on a failure-to-protect claim against one remaining defendant.  Plaintiff can testify directly as to the injuries he suffered as well as any subsequent medical treatment.

\\\
\\\

## IV. CONCLUSION AND ORDER

Accordingly, IT IS ORDERED that Plaintiff's motion for a court-appointed medical expert (ECF No. 120) is DENIED.

IT IS SO ORDERED.

Dated: __July 9, 2025__                    /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE