# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY COTTON, <br><br> Plaintiff, <br><br> v. <br><br> MEDINA, *et al.*, <br><br> Defendants. | Case No. 1:22-cv-00568-JLT-EPG (PC) <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE <br><br> (ECF No. 121) |

Plaintiff Wesley Cotton (Plaintiff) is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that while he was in a locked caged enclosure in the B yard of Corcoran State Prison (CSP), toxic gas from cannisters used to break up a fight in the C yard drifted over and injured him. Plaintiff alleges that Defendant Medina failed to protect Plaintiff from the gas and Plaintiff suffered from exposure. (*See generally* ECF No. 1).

Before the Court is Plaintiff's motion for an order to show cause for failure to comply with a court order compelling discovery responses. (ECF No. 121).

Upon review, the Court denies Plaintiff's motion for an order to show cause.

## I. BACKGROUND

### A. Order Partially Granting Plaintiff's Third Motion to Compel

On March 4, 2025, this Court partially granted Plaintiff's third motion to compel and ordered Defendants to produce "3B yard count log for the entire yard regarding who was

1

responsible for observing the close custody count on 3-19-22" and "SOMS log in log for the computers in the program office on 3B Yard, and log in tracking for personnel who use the 3B program office computers" for March 19, 2022. (ECF No. 111).

### B. Motion for Order to Show Cause

Plaintiff filed a motion for order to show cause on May 14, 2025. (ECF No. 121). Plaintiff asserts that Medina has failed to comply with this Court's previous discovery order on March 4, 2025. Plaintiff argues that counsel for Defendants have failed to provide the "terminal login access records from the SOMS system" and the "metadata and audit trails confirming which CDCR staff accessed the system and from which location on March 19, 2022." (*Id*. at p. 2). Plaintiff seeks an order to show cause requiring the defense "to submit a sworn declaration explaining their discovery efforts and why terminal access records have not been produced." (*Id*. at p. 3).

### C. Defendant's Opposition

In opposition, Medina argues that no order to show cause should be issued because defense counsel made a diligent search to comply with the Court order but found no responsive documents and informed Plaintiff no responsive documents had been located. (ECF No. 136).

Counsel for Medina also submits a declaration sworn under penalty of perjury that he conducted a search for responsive documents but was unable to find any. (ECF No. 136, Kuchinsky Declaration). Counsel provides he contacted the litigation coordinator at California State Prison, Corcoran and requested a search for the documents Defendant was ordered to produce. (ECF No. 136, Kuchinsky Decl. ¶ 2). However, the litigation coordinator was not able to locate any responsive documents, and the coordinator and local IT supervisor confirmed that the institution does not track log-in information for specific terminals or computers in particular areas of the prison. (*Id*.) Counsel contacted CDCR's enterprise information services (EIS), which handles electronically stored information and evidence, and the EIS litigation coordinator could not locate any responsive documents and explained EIS does not maintain a record of specific terminals. (*Id*. ¶ 3). A supervisor at EIS confirmed that she conducted a search but found no responsive documents and that a local SOMS subject matter expert

1  confirmed no responsive documents exist.  (*Id.* ¶ 4).  Counsel also informed Plaintiff no
2  responsive documents were found or maintained.  (*Id*. ¶ 5).

3  **II.     LEGAL STANDARD**
4      **A.     Discovery Motions**

5      Under Rule 26 of the Federal Rules of Civil Procedure, parties may obtain discovery
6  regarding any nonprivileged matter that is relevant to any party's claim or defense.
7  Fed.R.Civ.P. 26(b)(1).   Every discovery request, response, or objection must be signed, and by
8  signing, the attorney or parties certifies that the request, response or objection is made "after a
9  reasonable inquiry."  Fed.R.Civ.P. 26(g)(1).

10     "The rule simply requires that the attorney make a reasonable inquiry into the factual
11 basis of his response, request, or objection. The duty to make a 'reasonable inquiry' is satisfied
12 if the investigation undertaken by the attorney and the conclusions drawn therefrom are
13 reasonable under the circumstances."  Fed.R.Civ.P.26(g) advisory committee's notes to 1983
14 amendment.

15     Under Rule 34 of the Federal Rules of Civil Procedure a party may serve a discovery
16 request to produce items "in the responding party's possession, custody, or control."  *See also*
17 *Lamon v. Adams*, No. 1:09-CV-00205-LJO, 2015 WL 1879606, at *3 (E.D. Cal. Apr. 22, 2015)
18 ("In requiring the production of documents and other tangible things 'in the responding party's
19 possession, custody, or control,' Federal Rule of Civil Procedure 34(a)(1) contemplates only
20 the production of existing items since something that does not exist cannot be possessed, held,
21 or controlled.").

22 **III.    ANALYSIS**
23     **A.     Plaintiff's Motion for an Order to Show Cause**

24     The Court turns to Plaintiff's motion for an order to show cause based on Defendants'
25 failure to comply with this Court's discovery order on March 4, 2025.
26     As an initial matter, Plaintiff's motion for an order to show cause misstates this Court's
27 previous order.  Plaintiff incorrectly states that Defendants were required to produce "metadata
28

1  and audit trails." (ECF No. 121, at p. 2). However, those terms were not included in the order
2  partially granting Plaintiff's third motion to compel.

3   Additionally, Medina has demonstrated that, through counsel, she has made a
4  reasonable inquiry into whether responsive documents exist. Counsel for defense, David E.
5  Kuchinsky, submitted a declaration sworn under penalty of perjury where he states he made a
6  diligent effort to find the documents, but no documents exist. Counsel contacted the litigation
7  coordinator for CSP who ran a search for the information but found no responsive documents.
8  (ECF No. 136, Kuchinsky Decl. ¶ 2). The local information technology supervisor also
9  conducted a search but similarly found no responsive documents. (*Id*.) Both staff members at
10 CSP confirmed that the institution does not track log-in information for specific terminals or
11 computers in the prison. (*Id*.) Counsel also reached out to CDCR's EIS litigation coordinator
12 who could not locate responsive documents and explained EIS does not maintain a record of
13 specific terminals. (*Id*. ¶ 3). An EIS supervisor also conducted a search and found no
14 responsive documents, and a SOMS subject matter expert with EIS confirmed no responsive
15 documents exist. (*Id*.)

16  Thus, Defendants have shown that they performed a reasonable inquiry to determine if
17 responsive documents were in their possession, custody, or control, and that no responsive
18 documents were located.

19  Thus, Plaintiff's request for an order to show cause is denied.

## IV. CONCLUSION AND ORDER

Accordingly, Plaintiff's motion for an order to show cause (ECF No. 121) is DENIED.

IT IS SO ORDERED.

Dated: **July 15, 2025**       /s/ Erica P. Grosjean
                               UNITED STATES MAGISTRATE JUDGE