UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY COTTON, | Case No. 1:22-cv-00568-JLT-EPG (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR AUTHENTICATION OF DOCUMENT |
| v. | |
| MEDINA, *et al.*, | (ECF No. 122) |
| Defendants. | |

Plaintiff Wesley Cotton (Plaintiff) is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that while he was in a locked caged enclosure in the B yard of Corcoran State Prison (CSP), toxic gas from cannisters used to break up a fight in the C yard drifted over and injured him.  Plaintiff alleges that Defendant Medina failed to protect Plaintiff from the gas and Plaintiff suffered from exposure. (*See generally* ECF No. 1).

Before the Court is Plaintiff's motion entitled "notice to the court of discovery misrepresentation and request for authentication of documents." (ECF No. 122).

Upon review, the Court denies Plaintiff's motion.

I.     BACKGROUND

    A.     **Plaintiff's Request for Authentication of Document**

On May 14, 2025, Plaintiff filed a motion titled "notice to the court of discovery misrepresentation & request for authentication of document."  (ECF No. 122).  Plaintiff argues

1

1  that a document identified as AG0061, a CDCR FSLA Sign-In Log, "exhibits irregularities that
2  suggest possible post-facto fabrication, omission of required certification, and tampering with
3  state documentation." (*Id*. at p. 1). Plaintiff requests an order requiring Defendants to provide
4  the full copy of the original LSA log, digital metadata for the document, a certification under
5  oath regarding the authentication of the document, sanctions, and verification from CDCR
6  headquarters. (*Id*. at p. 3).

### B.  Defendant's Opposition

In opposition, Medina argues that Plaintiff's request is an untimely motion to compel further responses to discovery. (ECF No. 137). Medina asserts that the Court's scheduling order (ECF No. 32) explains that requests for admissions are used to address the genuineness of any described documents. Medina argues that Plaintiff's request for authentication is untimely under the modified scheduling order that sets the deadline for non-expert discovery as March 19, 2024. (ECF No. 62). Medina also argues Plaintiff's assertions that the document has been manipulated is speculatory and unsupported. Medina asserts that Plaintiff cites to sections of the Department Operations Manual that do not exist or are inaccurately cited.

## II.  ANALYSIS

As an initial matter, Plaintiff's request for authentication is an untimely discovery request. In this Court's scheduling order, the Court explained that requests for admissions are written requests that the opposing party "admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)" that relate to . . . the genuineness of any described documents." (ECF No. 32 at p. 2). Plaintiff, therefore, was notified that he could serve requests for admission during discovery to verify a documents authenticity. However, the deadline for non-expert discovery was March 19, 2024, and Plaintiff did not file his motion until May 14, 2025, over a year past the deadline.

Further, there is no indication from the face of the document that clearly shows any evidence of tampering. (*See* ECF No. 137, Exhibit A). Plaintiff first asserts that the metadata time stamp differs from the handwritten signature. However, it is unclear what "metadata time stamp" Plaintiff is referring to as no such time stamp exists on the face of the document.

Additionally, Plaintiff argues that the document lacks a print group number as required by the DOM § 31030.16. However, Medina asserts that no section listed as 31030.16 appears in the DOM, and neither party has placed the DOM before this Court. Lastly, Plaintiff argues that there is no administrative review signature, and the log contradicts Medina's assertions she served only as the EOP sergeant. However, neither of these arguments are relevant to any manipulation or tampering of the documents.

Accordingly, Plaintiff's request for authentication is denied.[1]

### III.   CONCLUSION AND ORDER

Accordingly, IT IS ORDERED that Plaintiff's motion for authentication (ECF No. 122) is DENIED.

IT IS SO ORDERED.

Dated: __**July 15, 2025**__                    /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE

---

[1] Nothing in this order precludes Plaintiff from questioning witnesses at trial regarding this document, or making any argument to the jury at the appropriate time about inconsistencies in the evidence.