UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY COTTON, | Case No. 1:22-cv-00568-JLT-EPG (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |
| v. | |
| MEDINA, *et al.*, | (ECF NO. 154). |
| Defendants. | |

  Plaintiff Wesley Cotton is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that while he was in a locked caged enclosure in the B yard of Corcoran State Prison (CSP), toxic gas from cannisters used to break up a fight in the C yard drifted over and injured him. Defendant Medina failed to protect Plaintiff from the gas and Plaintiff suffered from exposure. (*See generally* ECF No. 1).

  Pending before the Court is Plaintiff's motion to compel (ECF No. 154) the production the certified transcript(s) and all exhibits from Defendant's July 29, 2025, deposition conducted pursuant to the Court's June 18, 2025, order. (ECF No. 138). Defendant filed a response on September 24, 2025. (ECF No. 165).

  For the reasons stated below, the Court denies Plaintiff's Motion to Compel.

## I. PROCEDURAL HISTORY

### A. Plaintiff's Motion to Compel

Plaintiff filed a motion to compel on September 3, 2025, seeking the production of certified transcripts and any exhibits from Defendant's court-ordered deposition. (ECF No 154). Plaintiff claims that during the July 24, 2025 deposition, Defendant provided material admissions and as a result, the transcript contains critical case-dispositive admissions regarding the events underlying Plaintiff's complaint. (*Id.*).

Plaintiff states that he met and conferred by phone with Deputy Attorney General David Kuchinsky on August 18, 2025, regarding the delay in receiving the deposition transcripts and any exhibits. (ECF No. 154, p.2). Plaintiff claims that Mr. Kuchinsky claimed that the delay was because he was "busy" and forgot." (*Id.*).

### B. Defendant's Opposition to Motion to Compel

Defendant filed an opposition to Plaintiff's motion to compel on September 24, 2025. (ECF No. 165). Defendant's counsel, Mr. Kuchinsky, confirms that Plaintiff contacted him by telephone on August 18, 2025, and requested a copy of Defendant's deposition transcript. (*Id.*, p. 1). However, Mr. Kuchinsky disputes Plaintiff's claim that Mr. Kuchinsky stated was "busy" and "forgot" to send the deposition transcript. (*Id.*, p. 2). Mr. Kuchinsky contacted Plaintiff by telephone on September 3, 2025, and informed Plaintiff that the description of the August 18, 2025 telephone call was inaccurate and that during the telephone call he reminded Plaintiff that at the time of that phone call, the deposition transcript had not been received. Further, Mr. Kuchinsky told Plaintiff that he informed his staff to advise him when it arrived, and that Mr. Kuchinsky agreed to send the deposition transcript and courtesy copies of prior discovery responses Plaintiff no longer had. (*Id.*). Plaintiff agreed with Mr. Kuchinsky's recounting of that conversation. (*Id.*).

On August 26, 2025, Mr. Kuchinsky sent the deposition transcript and courtesy copies of previous discovery responses via U.S. mail. (ECF No. 165, p. 2).

Case 1:22-cv-00568-JLT-EPG   Document 174   Filed 10/01/25   Page 3 of 4

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 34(a) permits a party to issue requests for documents that are in the responding party's possession, custody, or control and "within the scope of Rule 26(b)." In turn, Rule 26(b)(1) provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rule 37 permits "a party seeking discovery [to] move for an order compelling an answer, designation, production, or inspection," among other options, if "a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).

## III. ANALYSIS

As an initial matter, it appears that at the time Plaintiff filed his motion to compel, the deposition transcript(s) were not in possession of Defendant, so could not be provided to Plaintiff.

Additionally, Defendant's exhibit and counsel's declaration indicate that transcripts were mailed to Plaintiff via U.S. mail on August 26, 2025. (ECF No. 165, pp. 4, 8). As such, there is no longer exists a discovery dispute between the parties for the deposition transcript.

Accordingly, the Court finds that Defendant complied with discovery obligations in a timely manner and Plaintiff's motion to compel is DENIED.

\\\
\\\
\\\
\\\\
\\\
\\\

3

### IV. CONCLUSIONS AND ORDER

Based on the foregoing, **IT IS ORDERED**:

1. Plaintiff's Motion to Compel discovery (ECF No. 154) is **DENIED**.

IT IS SO ORDERED.

Dated:  **October 1, 2025**              /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE