UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY COTTON,<br><br>        Plaintiff,<br><br>    v.<br><br>MEDINA, *et al.,*<br><br>        Defendants. | Case No.: 1:22-cv-00568 JLT EPG<br><br>PRETRIAL ORDER[1]; ORDER DENYING MOTION IN LIMINES, MOTION FOR SANCTIONS AND OVERRULING FORMAL OBJECTION<br>(Docs. 176, 177, 178, 179)<br><br>Deadlines:<br>Motions in Limine Filing: 1/5/2026<br>Oppositions to Motions in Limine: 1/12/2026<br>Trial Submissions: 1/13/2026<br>Jury trial: 1/27/2026 at 8:30 a.m., 2-4 days |

On November 17, 2025, the Court conducted a final pretrial conference in this action via Zoom. (*See* Doc. 134.) Wesley Cotton appeared pro se and David E. Kuchinsky appeared as counsel for Defendant. Having considered the parties' pretrial statements, (Docs. 172, 173), the Court issues this tentative pretrial order.

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action

---

[1] Plaintiff takes exception to the "late filing" of the defendant's pretrial statement. (Doc. 179) However, the defense statement was filed on the same day as plaintiff's statement, September 30, 2025. (*See* Docs. 172, 173) Thus, the motion (Doc. 179) is **DENIED**. Moreover, though Plaintiff indicates that if his trial does not proceed as scheduled, he will view it as "unfair." **At this time, the Court cannot assure him that it will proceed as scheduled. Because criminal cases are required by the Constitution to have priority, and the Court prioritizes older cases over newer ones, whether this trial will proceed as currently scheduled is unknown and will remain unknown until the date approaches. Unfortunately, there is no constitutional guarantee that a civil case, such as this one, proceed in any particular timeframe. The only way to assure that the trial will proceed as scheduled is to consent to magistrate judge jurisdiction—as this Court has repeatedly instructed the parties.**

1

brought pursuant to 42 U.S.C. § 1983. (*See* Doc. 172.) This case proceeds on Plaintiff's claims against Corcoran State Prison Sergeant Medina for failure to protect. (Doc. 173.) Generally, this claim alleges that Defendant Medina failed to protect Plaintiff from exposure to oleoresin capsicum ("OC") on March 19, 2022, at California State Prison in Corcoran, California. (*Id.*)

## A.  JURISDICTION / VENUE

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and § 1343 because Plaintiff's claims arise under federal law. The events that gave rise to this action occurred at the California State Prison in Corcoran, California. Accordingly, venue is proper in the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 1391.

## B.  JURY TRIAL

All parties demanded a jury trial in this matter. (Doc. 1, p.1; Doc. 23, p. 7). The jury will consist of eight jurors.

## C.  UNDISPUTED FACTS[2]

### I. Plaintiff

1. Plaintiff was located at 3B Yard on March 19, 2022.
2. Chemical Agents were deployed by staff in an adjacent area, Yard 3C.
3. Defendant was assigned to work at 3B Yard on March 19, 2022.

### II. Defendant

1. At all times relevant to this case, Plaintiff was an inmate in the custody of California Department of Corrections and Rehabilitation (CDCR) and was housed at California State Prison, Corcoran, in Corcoran, California.
2. At all times relevant to this case, Defendant Medina was a correctional sergeant employed by CDCR and assigned to Corcoran.
3. On March 19, 2022, at approximately 12:00 p.m., an incident occurred at Corcoran on Yard 3C, in which officers deployed multiple chemical agents to stop a fight between

---

[2] The parties submitted separate pretrial statements with their own statement of facts. The following is the Court's best understanding of which of those submitted facts are undisputed.

multiple third-party inmates.

4. At the time of the incident on March 19, 2022, Plaintiff was located at Facility 3B, a separate area of the prison from Yard 3C, and was not involved in the Yard 3C incident.

5. On March 19, 2022, Defendant Medina was assigned to work as the B program facility sergeant.

6. Defendant Medina was not involved in the incident on Yard 3C on March 19, 2022.

## D. DISPUTED FACTS

### I. Plaintiff[3]

1. Medina refused to give aid during the incident on March 19, 2022.
2. Plaintiff was exposed and not decontaminated, nor given immediate medical aid.

### II. Defendant

1. Defendant Medina did not have contact with Plaintiff on March 19, 2022.
2. Plaintiff was not exposed to OC in an amount that could cause him serious harm.
3. Defendant did not cause Plaintiff to be at risk of harm.
4. Defendant was not aware of any risk of harm to Plaintiff.
5. The nature and extent of any injuries Plaintiff sustained.
6. The nature and extent of any damages Plaintiff incurred.

## E. DISPUTED LEGAL ISSUES

None offered.

## F. DISPUTED EVIDENTIARY ISSUES / MOTIONS IN LIMINE

### I. Plaintiff

1. Plaintiff has filed a motion in limine requesting an order: "(1) authorizing limited demonstrative use of excerpts from peer-reviewed literature at trial; (2) permitting Plaintiff to read into evidence, under FRE 803(18) learned treatise passages during the

---

[3] Plaintiff did not provide a section in his pre-trial statement for disputed facts. (*See* Doc. 172). However, several facts Plaintiff provides are disputed by Defendant. As such, the Court placed those specific facts in the disputed facts section.

3

examination of any qualified witness; and (3) admitting Rule 1006 summary charts derived from admissible government publications." (Doc. 169.)

2. Plaintiff has filed a Motion for Judicial Notice of Government Publications. (Doc. 168.) Plaintiff "moves the Court to take judicial notice of the existence and content of the following government publications related to riot-control agents (CN/CS) dispersion, exposure, and downwind hazard planning. These are self-authenticating public records subject to the hearsay exception for public records and proper subjects of judicial notice under FRE 201, 803(8), and 902(5)." (Doc. 168.)

3. Plaintiff has filed a Motion to Strike Contreras Statements. (Doc. 170.)

4. Plaintiff has filed a Request for Judicial Notice of Docketed Orders/Filings and Order Confirming Discovery is Closed. (Doc. 171.)

## II. Defendant

1. Defendant intends to file motions in limine to preclude Plaintiff from testifying, eliciting testimony, or introducing evidence of the following matters: (a) Plaintiff's own lay opinions regarding causation, diagnosis, or prognosis for any alleged injuries Plaintiff claims are related to Defendant's purported conduct; (b) any dismissed claims or Defendant; (c) hearsay statements, and documents containing hearsay statements, which Defendant anticipate Plaintiff may seek to introduce based on his previous statements and filings in this case; (d) Defendant's involvement in other lawsuits or incidents alleging misconduct; (e) offers to compromise; and (f) CDCR's indemnification of an adverse judgment.

2. Defendant also intends to file a motion in limine to permit her to introduce evidence of Plaintiff's, and any incarcerated witness's, felony convictions and sentences for impeachment purposes.

The purpose of a motion in limine is to establish, in advance of the trial, that certain evidence should not be offered at trial. "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984); *Jonasson v. Lutheran Child*

4

*and Family Services*, 115 F. 3d 436, 440 (7th Cir. 1997).  The Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose.  *Id*. The Court does not encourage the filing of motions in limine unless they are addressed to issues that can realistically be resolved by the Court prior to trial and without reference to the other evidence which will be introduced by the parties at trial.

**In advance of filing any motion in limine, the parties SHALL meet and confer to determine whether they can resolve any disputes and avoid filing motions in limine.  Along with their motions in limine, the parties SHALL file a certification demonstrating they have in good faith met and conferred and attempted to resolve the dispute.  Failure to provide the certification may result in the Court refusing to entertain the motion.**

Any motions in limine must be filed with the Court no later than **January 5, 2026.**  The motion must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial.  Any opposition to the motion must be served on the other party and filed with the Court no later than **January 12, 2026.** Upon receipt of any opposition briefs, the Court will notify the parties if it decides that argument is needed on any motion in limine.

G.   **SPECIAL FACTUAL INFORMATION**

None offered.

H.   **RELIEF SOUGHT**

  I.   **Plaintiff**

Plaintiff seeks compensatory monetary damages in the amount of $2,000,000 and punitive damages. (Doc. 1, p. 6.)

  II.   **Defendant**

Defendant seeks judgment in her favor in this case and costs. (Doc. 173, p.3.)

I.   **ABANDONED ISSUES**

Defendant has not abandoned any issue. Plaintiff did not provide a statement.

J.   **WITNESSES**

1.   The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS

5

SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

### I. Plaintiff

1. Andrew Price
2. Dr. F. Balinos (CDCR)
3. Captain Robert Clifton
4. Officer Ayala Robles
5. Officer D.D. Nora
6. Christopher G. Valencia (#T05563)—Corcoran CSP, 3B Facility
7. Paul Fielder (#BM1302)—Corcoran CSP, 3B Facility
8. Duncan Reynard (#AF0671)—Corcoran CSP, 3B Facility
9. Clifford Lewis (#BF0446)—Corcoran CSP, 3B Facility
10. Cesario Medina (#BF7636)—Corcoran CSP, 3B Facility

### II. Defendant

1. Plaintiff Wesley Cotton
2. Defendant Correction Sergeant S. Medina
3. Correctional Sergeant M. Contreras
4. Correctional Officer A. Raschke
5. Correctional Officer R. Maldonado
6. Correctional Officer B. Butler
7. Correctional Officer C. Barbosa
8. Correctional Lieutenant R. Ozuna
9. Correctional Sergeant J. Martinez
10. Correctional Officer C. Hernandez
11. Correction Officer J. Barajas
12. Correctional Officer A. Guerrero
13. Correctional Sergeant R. Serna

        14. Correctional Officer M. Alvarez

        15. Correctional Officer J. Vargas

        16. Correctional Officer R. Barrientos

        17. Dr. F. Balinos

        18. Dr. C. Herriford

        19. Registered Nurse A. Cross

        20. CDCR Custodian of Records for Plaintiff's central file

        21. CDCR Custodian of Records for Plaintiff's medical records[4]

**2.** **The Court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria:**

    a. The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

    b. The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph 3, below.

**3.** Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the Court and opposing parties of the existence of the unlisted witnesses so the Court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

    a. The witness could not reasonably have been discovered prior to the discovery cutoff;

    b. The Court and opposing parties were promptly notified upon discovery of the witness;

    c. If time permitted, the party proffered the witness for deposition; and

    d. If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

---

[4] "Although the custodians of records will be available to testify at trial, to avoid undue expense and absent any dispute about the authenticity of the documents to be presented, Defendant requests that this witness be permitted to authenticate documents through a declaration." (Doc. 173, p.7; fn. 3).

7

**4. Motions to preclude witnesses/sanctions/objections**

After receiving the defense pretrial statement in which the defense identified the witnesses set forth above, Mr. Cotton filed various motions directed at seeking to exclude them from testifying. (Docs. 176, 177, 178, 179) The rationale for the motions was that the defense failed to list these witnesses on their Rule 26 disclosure and Defendant Medina reported that she knew of no witnesses who "could prove her whereabouts or act as an alibi." (Doc. 177 at 2) The defendant responds, and it is undisputed, that all of these witnesses were made known to plaintiff through discovery, though the defense failed to update their Rule 26 disclosure.

The Court is required to consider the motion according to Rule 37. Rule 37 would require the Court to strike the undisclosed witnesses unless the failure was harmless. Here, it appears that most of these witnesses can speak only to why the tear gas/OC spray was deployed in the yard, rather than whether Medina refused to provide plaintiff medical care. On the other hand, plaintiff received the incident report detailing the acts of the various officers involved in the event, which gave rise to the tear gas/OC spray wafting onto the yard where Plaintiff was taking leisure activity. Thus, the failure to update the Rule 26 disclosure was harmless because plaintiff had the incident report and the yard logs well in advance of the discovery deadline. For these reasons, the motion in limine (Docs. 176), the motion for sanctions (Doc. 177) and the formal objections (Doc. 178) are **DENIED**.

**K.   EXHIBITS, SCHEDULES AND SUMMARIES**

NO EXHIBIT, OTHER THAN THOSE LISTED HEREIN, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

1.   **For a party to use an undisclosed exhibit for any purpose, they must meet the following criteria:**

    a.   The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

    b.   The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph 2, below.

8

2. Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the Court and opposing parties of the existence of such exhibits so that the Court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

    a. The exhibits could not reasonably have been discovered earlier;

    b. The Court and opposing parties were promptly informed of their existence; and

    c. The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

**Plaintiff's Exhibits**[5]

1. **Video Exhibits**
   - Interview of Plaintiff by CDCR Corcoran senior officers on April 19, 2022.
   - Video footage of the 3C Yard incident and resulting CN gas deployment affecting Plaintiff on 3B Yard from March 19, 2022.

2. **Documentary Exhibits (150 exhibits)**
   - Medical Records
   - Sworn Declarations
   - Staff Use of Force Reports
   - Facility Logbooks and Assignment Sheets
   - Admissions/Statements by Sgt. Medina

3. New Reference Exhibit (Exhibit #157): Google Satellite Imagery of 3C Yard directly adjacent to 3B Yard,

4. Scientific Addendum
   - Exhibit 158—DOM 32020.8-Basic Training
   - Exhibit 159—DOM 33030.13-Investigation Timeline
   - Exhibit 160—DOM 3303.5.3-Supervisor Role
   - Exhibit 161—DOM 51040.6-Post Orders

---

[5] Plaintiff's pretrial statement including attachments is 720 pages, including 700 pages of "documentary exhibits." (Doc. 172).

9

- Exhibit 162—DOM 47040.8-Video Preservation
- Exhibit 163—DOM 47040.10-Review Protocol
- Exhibit 164—DOM 51040.3- Facility Supervisor Role
- Exhibit 165—DOM 51040.5- Chain of Command/Finalization of Post Orders
- Exhibit 167—CDC Chemical Fact Sheet: Riot Control Agents (CN/CS)
- Exhibit 168—NOISH ERSH-DB Emergency Response Card: CN (Chloroacetophenone)
- Exhibit 169—CDC CTTL Laboratory Capabilities: Riot Control Agents
- Exhibit 170—AEGLS for CS (National Academies)
- Exhibit 171—U.S. Army Civil Disturbance/RCA Doctrine
- Exhibit 172—Manufacturer Safety Data Sheet (MK-9 OC/OC-CS)
- Exhibit 173—Jordt Lab Overview/Publications
- Exhibit 174—Peer-Reviewed Review
- Exhibit 175—American Thoracic Society Statement
- Exhibit 176—*Thomas v. Bryant*, 614 F.3d 1288 (11th Cir. 2010)
- Exhibit 177—Williams v. Benjamin, 77 F.3d 756 (4th Cir. 1996)

**Defendant's Exhibits**

1. Diagrams and photographs of California State Prison, Corcoran, including Yard 3C and Yard 3B.
2. Video surveillance footage from March 19, 2022.
3. Body Worn Camera footage from March 19, 2022.
4. Incident Report Log No. 35924.
5. Video interview of Plaintiff from April 19, 2022.
6. Inmate Grievance Log No. 246844 and responses.
7. Expert report of Sgt. Contreras
8. Abstracts of Judgment for Plaintiff dated 8/1/2011 and 9/29/2011.
9. Excerpts of Plaintiff's central file (SOMS and ERMS), including, but not limited to, movements and bed assignments histories, classification committee review documentation,

disciplinary history, rules violation reports, inmate request forms, and informational chronos.

10. Excerpts of Plaintiff's medical records.

11. Portions of Plaintiff's deposition testimony, records of his prior statements in Court filings, inmate grievance records, inmate disciplinary records, and discovery responses in this case should they become relevant and material during the course of trial.

The parties must exchange exhibits no later than **December 30, 2025**. On or before **January 5, 2026** the parties **SHALL** meet and confer to discuss any disputes related to the above listed exhibits and to pre-mark and examine each other's exhibits. Any exhibits not previously disclosed in discovery **SHALL** be provided via e-mail or overnight delivery so that it is received by the above exhibit exchange deadline.

1. At the exhibit conference, the parties will determine whether there are objections to the admission of each of the exhibits. Defendant will prepare separate indexes; one listing joint exhibits, one listing Plaintiff's exhibits and one listing Defendant's exhibits. In advance of the conference, the parties must have a complete set of their proposed exhibits to be able to fully discuss whether evidentiary objections exist. <u>Thus, any exhibit not previously provided in discovery **SHALL** be provided at least five court days in advance of the exhibit conference</u>.

2. At the conference, the parties shall identify any duplicate exhibits, i.e., any document which both sides desire to introduce into evidence. These exhibits **SHALL** be marked as joint exhibits and numbered as directed below. Joint exhibits **SHALL** be admitted into evidence upon introduction and motion of a party, without further foundation.

All joint exhibits **SHALL** be pre-marked with numbers preceded by the designation "JT" (e.g. JT/1, JT/2, etc.). Plaintiff's exhibits will be pre-marked with numbers beginning with 1 by the designation PX (e.g. PX1, PX2, etc.). Defendant's exhibits will be pre-marked with numbers beginning with 501 preceded by the designation DX (e.g. DX501, DX502, etc.). The parties **SHALL** number each page of any exhibit exceeding one page in length (e.g. PX1-1, PX1-2, PX1-3, etc.).

If originals of exhibits are unavailable, the parties may substitute legible copies. If any document is offered that is not fully legible, the Court may exclude it from evidence.

Each joint exhibit binder shall contain an index which is placed in the binder before the

exhibits. The index shall consist of a column for the exhibit number, one for a description of the exhibit and one column entitled "Admitted in Evidence" (as shown in the example below).

### INDEX OF JOINT EXHIBITS

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE |
|---|---|---|
|  |  |  |

3. As to any exhibit which is not a joint exhibit but to which there is no objection to its introduction, the exhibit will likewise be appropriately marked, i.e., as PX1, or as DX501 and will be indexed as such on the index of the offering party. Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

4. Each exhibit binder shall contain an index which is placed in the binder before the exhibits. Each index shall consist of the exhibit number, the description of the exhibit and the three columns as shown in the example below.

### INDEX OF EXHIBITS

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OBJECTION OTHER |
|---|---|---|---|---|
|  |  |  |  |  |

5. On the index, as to exhibits to which the only objection is a lack of foundation, the parties will place a mark under the column heading entitled "Objection Foundation."

6. On the index, as to exhibits to which there are objections to admissibility that are not based solely on a lack of foundation, the parties will place a mark under the column heading entitled "Other Objections."

7. As to each exhibit which is not objected to in the index, it shall be marked and received into evidence and will require no further foundation.

After the exhibit conference, Plaintiff and counsel for the defendants **SHALL** develop four complete, legible sets of exhibits. The Defendant **SHALL** deliver three sets of the exhibit binders to the Courtroom Deputy and provide one set of the exhibit to the opponent, no later than 4:00 p.m., on **January 22, 2026.** Defendant **SHALL** also provide three sets of the joint exhibits to the Courtroom Deputy.

///

12

## L. POST-TRIAL EXHIBIT RETENTION

Defendant **SHALL** retrieve the original exhibits from the Courtroom Deputy following the verdict in the case and **SHALL** retain possession of and keep safe all exhibits until final judgment and all appeals are exhausted.

## M. DISCOVERY DOCUMENTS

The following is a list of discovery documents – portions of depositions, answers to interrogatories, and responses to requests for admissions – that the parties expect to offer at trial. NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(12).

**Plaintiff's Documents**

1. Defendant Medina admissions (Doc 172-1, pp. 5-23).
2. Former Defendant B. Markin admissions (Doc 172-1, pp. 123-135).
3. Former Defendant J. Barrajas admissions (Doc 172-1, pp. 136-152)
4. Former Defendant G. Chacon Response to Interrogatories (Doc. 172-1, pp.153-169)
5. Former Defendant Sanchez Response to Interrogatories (Doc. 172-1, pp. 170-188)
6. Former Defendant Guerrero Response to Interrogatories (Doc. 172-1, pp. 189-207).
7. Defendant Medinas Response to Interrogatories (Doc. 172-1, pp. 208-230).

**Defendant's Documents**

Defendant may use excerpts of Plaintiff's deposition testimony, taken on March 7, 2025, for impeachment purposes at trial.

## N. FURTHER DISCOVERY OR MOTIONS

No further discovery is sought by either party.

## O. STIPULATIONS

Defendant is willing to stipulate to the authenticity of Plaintiff's unaltered records from his central file maintained by CDCR and any CDCR record generated and maintained in the regular course of business, which may be used as exhibits at trial. Defendant reserves the right to object to

such exhibits on other grounds.

**P.     AMENDMENTS/ DISMISSALS**

None.

**Q.     SETTLEMENT NEGOTIATIONS**

The parties attended mediation on May 13, 2025, and were unable to settle the case. Defendant is ready to proceed to trial.

**R.     AGREED STATEMENT**

None. Defendant does not believe an agreed statement of facts is feasible.

**S.     SEPARATE TRIAL OF ISSUES**

Defendant requests bifurcation as to the amount of any punitive damages if the jury returns a finding of malice.

**T.     APPOINTMENT OF IMPARTIAL EXPERTS**

None requested.

**U.     ATTORNEYS' FEES**

Plaintiff represents himself in this case. Defendant does not anticipate seeking any attorney's fees if she prevails.

**V.     TRIAL DATE/ ESTIMATED LENGTH OF TRIAL**

Jury trial is set to begin **January 27, 2026**, at 8:30 a.m. before the Honorable Jennifer L. Thurston at the Robert E. Coyle United States Courthouse, 2500 Tulare Street, Fresno, California. Trial is expected to 3-4 days.

**W.     TRIAL PREPARATION AND SUBMISSIONS**

**1.     Trial Briefs**

The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If any party wishes to file a trial brief, they must do so on or before **January 20, 2026,** and in accordance with Local Rule 285.

**2.     Jury Voir Dire**

The parties are required to file their proposed voir dire questions, in accordance with Local Rule 162.1, on or before **January 13, 2026.**

### 3. Jury Instructions & Verdict Form

The parties shall serve, via e-mail or fax, their proposed jury instructions in accordance with Local Rule 163 and their proposed verdict form on one another no later than **December 30, 2025.** The parties **SHALL** conduct a conference to address their proposed jury instructions and verdict form no later than **January 5, 2026**. At the conference, the parties **SHALL** attempt to reach agreement on the verdict form and jury instructions for use at trial. The parties **SHALL** file their agreed-upon verdict form and all agreed-upon jury instructions no later than **January 13, 2026,** and identify such filings accordingly. At the same time, the parties **SHALL** lodge, via e-mail, a copy of the joint proposed jury instructions and joint proposed verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

**If and only if, the parties after genuine, reasonable and good faith effort** cannot agree upon a verdict form or certain specific jury instructions, the parties **SHALL** file their respective proposed (disputed) jury instructions and proposed (disputed) verdict form no later than **January 13, 2026** and identify such filings accordingly. At the same time, each party **SHALL** lodge, via e-mail, a copy of their proposed (disputed) jury instructions and proposed (disputed) verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions or California's CACI instructions to the extent possible. All jury instructions and verdict forms shall indicate the party submitting the instruction or verdict form (i.e., joint, plaintiff's, defendant's, etc.), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the **complete** text of the instruction, and the legal authority supporting the instruction. Each instruction **SHALL** be numbered.

### X. OBJECTIONS TO PRETRIAL ORDER

Within <u>**14 days** after the date of service of this order</u>, the parties may file written objections to any of the provisions set forth in this order. The parties may file any replies to the objections within **<u>seven</u>** days. The objections shall clearly specify the requested modifications, corrections, additions or deletions. **<u>If no objections are filed, the order will become final without further order of the Court.</u>**

The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure

and Local Rule 283, this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

### Y. MISCELLANEOUS MATTERS

The parties are advised that the Court's trial schedule, absent other Court conflicts, is as follows: On the first day of trial and until jury selection is completed, the trial day will begin at **8:30 a.m**. and complete around **4:30 p.m**., with an hour-long lunch break. Thereafter, until the jury begins deliberating, the trial day will begin at **8:00 a.m.** and complete at **1:30 p.m.**, with two extended rest breaks and no lunch break. Once the jury begins deliberating, the jury will set their own schedule. **The parties SHALL schedule their witnesses to avoid waste of the jury's time.**

### Z. COMPLIANCE

Strict compliance with this order and its requirements is mandatory. All parties and their counsel are subject to sanctions, including dismissal or entry of default, for failure to fully comply with this order and its requirements.

IT IS SO ORDERED.

Dated:  **November 18, 2025**

_____
UNITED STATES DISTRICT JUDGE