UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY COTTON,<br><br>          Plaintiff,<br><br>     v.<br><br>MEDINA, ET AL.,<br><br>          Defendants. | Case No. 1:22-cv-00568-JLT-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES AT TRIAL<br><br>(ECF Nos. 140, 144, 167). |

Plaintiff Wesley Cotton is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that while he was in a locked caged enclosure in the B yard of Corcoran State Prison (CSP), toxic gas from cannisters used to break up a fight in the C yard drifted over and injured him. Defendant Medina failed to protect Plaintiff from the gas and Plaintiff suffered from exposure. (*See generally* ECF No. 1).

Currently, it is disputed if Defendant Medina had contact with Plaintiff on March 19, 2022. (ECF No. 191, p. 3). Plaintiff represents that his proposed incarcerated witnesses were present on Yard 3B when the incident occurred. (ECF Nos. 144, 167). Furthermore, Plaintiff states that the proposed witnesses, all of which are currently incarcerated at Corcoran State Prison, have agreed to voluntarily testify and possess "critical facts based on direct eyewitness observation and personal knowledge of the events that occurred on March 19, 2022, on 3B yard." (ECF No. 167, p.2). Trial is currently set for January 27, 2026 (ECF No. 131).

Before the Court is Plaintiffs timely filed and unopposed motion for attendance of six incarcerated witnesses[1] (ECF No. 167) and the supplement to the motion, providing declarations from each of the witnesses. (ECF No. 144). For the reasons stated below, the Court grants Plaintiff's motion.

"The determination whether to issue a writ of habeas corpus ad testificandum rests within the sound discretion of the district court." *Cummings v. Adams*, No. CV F 03 5294 DLB, 2006 WL 449095, at *3 (E.D. Cal. Feb. 21, 2006). In deciding whether to grant Plaintiff's motion for the attendance of incarcerated witnesses, the Court considers the following factors: (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983).

After conducting a "cost-benefit analysis regarding whether the inmate[s] should come to court," 2006 WL 449095, at *3, the Court has determined that the inmates should be made available to testify at trial. The first factor weighs in Plaintiff's favor. Each of the witnesses provided a declaration under the penalty of perjury, which recounts what each witness personally viewed the incident at issue in the case. Furthermore, some of the witnesses identify Defendant as being present during the incident and having contact with Plaintiff, and some of the witnesses were exposed to the gas that was used during the incident. (*See* ECF No. 144). Plaintiff has demonstrated that the presence of the witnesses will aid in the resolution of this case.

The remaining factors also support Plaintiff. Because the motion is unopposed, nothing suggests that these inmates present particular security concerns or exceptional transportation costs. And given the age of this case, staying it until all of the incarcerated witnesses are released would be prejudicial.

---

[1] Cesario Medina, Clifford Lewis, Christopher G. Valencia, Duncan Reynard, Paul Fielder, Gino Brewer.

Thus, the Court finds that Medina, Lewis, Valencia, Reynard, Fielder and, Brewer should be provided the opportunity to testify at trial.

Based on the foregoing, IT IS ORDERED that :

1. Plaintiff's motion for attendance of incarcerated witnesses, ECF No. 167, is GRANTED.[2]
2. The parties are directed to meet and confer regarding whether the witnesses should testify live or remotely and file a statement no later than November 26, 2025, regarding whether they both wish to proceed by remote testimony.  However, in the absence of agreement, the Court will require transportation of all witnesses for live testimony.
3. The Court will, in due course, issue a writ of habeas corpus ad testificandum to have Cesario Medina, Clifford Lewis, Christopher G. Valencia, Duncan Reynard, Paul Fielder, Gino Brewer be made available to testify at the trial.

IT IS SO ORDERED.

Dated:  **November 20, 2025**                    /s/ Erica P. Grosjean
                                                                                UNITED STATES MAGISTRATE JUDGE

---

[2] In ruling on this motion, the Court is not making any evidentiary rulings.  Nothing in this order prevents Defendants from raising objections to the testimony of the witnesses at trial or in an appropriate pretrial motion.