UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY COTTON,<br><br>        Plaintiff,<br><br>   v.<br><br>MEDINA, ET AL.,<br><br>        Defendants. | Case No. 1:22-cv-00568-JLT-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION ALLOWING INCARCERATED WITNESSES TO ATTEND TRIAL REMOTELY<br><br>(ECF No. 195) |

Plaintiff Wesley Cotton is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that while he was in a locked caged enclosure in the B yard of Corcoran State Prison (CSP), toxic gas from cannisters used to break up a fight in the C yard drifted over and injured him. Defendant Medina failed to protect Plaintiff from the gas and Plaintiff suffered from exposure. (*See generally* ECF No. 1).

On November 20, 2025, the Court granted Plaintiff's unopposed motion for attendance of six incarcerated witnesses at trial. (ECF No. 192). The Court ordered the parties to meet and confer regarding whether the witnesses should testify live or remotely and to file a statement no later than November 26, 2025, regarding whether they both wish to proceed by remote testimony.  The Court noted that in the absence of an agreement between the parties, the Court would require transportation of all witnesses for live testimony. (*Id.,* p. 3).

On November 26, 2025, Defendants filed a statement regarding the testimony of incarcerated witnesses. (ECF No. 193). Defendants state they held a telephone call with

1  Plaintiff on November 26, 2025. (*Id.*). The parties discussed the testimony of incarcerated

2  witnesses and Plaintiff's position is that all incarcerated witnesses other than himself should be

3  permitted to testify remotely, while Defendant's position is that all incarcerated witnesses

4  should testify in person, "to permit effective communication thorough direct and cross-

5  examination and enable the jury to meaningfully assess each witness's credibility." (*Id.*).

6  On December 2, 2025, Plaintiff filed his response to the Court's order, indicating it was

7  his wish to have the incarcerated witnesses remotely, while he be permitted to testify in person.

8  (ECF No. 195).

9  For the reasons set forth below, the Court shall deny Plaintiff's request to allow

10  incarcerated witnesses to testify remotely.

11  Federal Rule of Civil Procedure 43(a) states: "At trial, the witnesses' testimony must be

12  taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other

13  rules adopted by the Supreme Court provide otherwise.  For good cause in compelling

14  circumstances and with appropriate safeguards, the court may permit testimony in open court

15  by contemporaneous transmission from a different location." *Fed. R. Civ. P*. 43(a).  The

16  Advisory Committee Notes to Rule 43(a), provides the following guidance regarding when

17  contemporaneous transmission should be permitted:

18
19  Contemporaneous transmission of testimony from a different location is
permitted only on showing good cause in compelling circumstances. The
20  importance of presenting live testimony in court cannot be forgotten. The very
ceremony of trial and the presence of the factfinder may exert a powerful force
21  for truthtelling. The opportunity to judge the demeanor of a witness face-to-face
is accorded great value in our tradition. Transmission cannot be justified merely
22  by showing that it is inconvenient for the witness to attend the trial.

23  The most persuasive showings of good cause and compelling circumstances are
likely to arise when a witness is unable to attend trial for unexpected reasons,
24  such as accident or illness, but remains able to testify from a different place. . . .

25
Good cause and compelling circumstances may be established with relative ease
26  if all parties agree that testimony should be presented by transmission. The court
is not bound by a stipulation, however, and can insist on live testimony.
27  Rejection of the parties' agreement will be influenced, among other factors, by
28  the apparent importance of the testimony in the full context of the trial.

1   Fed. R. Civ. P. 43(a) 1996 Amend.

2       With these standards in mind, the Court does not find good cause for the incarcerated

3   witnesses to provide testimony remotely. Here, the parties have not agreed that the testimony

4   should be presented by transmission.  Instead, Defendants have indicated that they prefer live

5   testimony "to permit effective communication thorough direct and cross-examination and

6   enable the jury to meaningfully assess each witness's credibility." (ECF No. 193).

7       Nor does Plaintiff provide good cause in his motion.  (ECF No. 195).  Plaintiff argues

8   that remote testimony is justified "in the spirit of economical soundness."  (ECF No. 195, at p.

9   1).  This does not establish good cause and compelling circumstances, especially as neither the

10  Plaintiff nor witnesses will pay for the cost of their transportation.

11      Accordingly, the Court denies Plaintiff's motion to allow incarcerated witnesses to testify

12  remotely. (ECF No. 195).[1]

13

14  IT IS SO ORDERED.

15      Dated:   **December 5, 2025**        /s/ _Erica P. Grosjean_

16                                  UNITED STATES MAGISTRATE JUDGE

---

[1] The Court shall issue writs for the transportation of the incarcerated witnesses in advance of the trial.