UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY COTTON,<br><br>          Plaintiff,<br><br>    v.<br><br>MEDINA, et al.,<br><br>          Defendants. | Case No. 1:22-cv-00568-JLT-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION REQUESTING TRANSCRIPTS FREE OF CHARGE<br><br>(ECF No. 234) |

Plaintiff Wesley Cotton is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On March 6, 2026, Plaintiff filed a Motion for Transcripts Free of Charge. (ECF No. 234).  Plaintiff seeks these transcripts for his appeal, filed on February 6, 2026. (ECF No. 228).

For the reasons set forth below, Plaintiff's motion will be denied.

**I.  PROCEDURAL HISTORY**

On January 27, 2026, jury trial in this action began and lasted two days. A verdict was entered in Defendant Medina's favor, and a judgment was entered against Plaintiff. (ECF No. 226).

On February 6, 2026, Plaintiff filed an appeal in the United States Court of Appeals in the Ninth Circuit. (ECF No. 228). Plaintiff stated he was appealing on the basis of "judicial

error, discrimination, bias, and arbitrary conduct, evidence tampering, perjury, facilitating in perjury, jury tampering." (ECF No. 227).

## II.    LEGAL STANDARD FOR PREPARATION OF A TRANSCRIPT AT THE GOVERNMENT'S EXPENSE

28 U.S.C. § 1915(c) states that, "[u]pon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts."

Section 1915(a) states:

(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

(2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Pursuant to 28 U.S.C. § 753(f), "[f]ees for transcripts furnished in [civil] proceedings to persons permitted to appeal in forma pauperis shall also be paid by the

United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." *Maloney v. E. I. DuPont de Nemours & Co.,* 396 F.2d 939, 940 (D.C. Cir. 1967); *Henderson v. United States,* 734 F.2d 483, 484 (9th Cir. 1984). "A substantial question exists where the issue before the court of appeals is reasonably debatable." *Tuggles v. City of Antioch*, C08–01914JCS, 2010 WL 3955784 (N.D. Cal. Oct.8, 2010) (internal citations and quotations omitted); *see also Randle v. Franklin*, No. CV-08-00845-JAT, 2012 WL 201757, at *2 (E.D. Cal. Jan. 23, 2012).

### III.   DISCUSSION

In his notice of appeal, Plaintiff states the following

> Plaintiff asserts his right to recieve [sic] reporter transcripts, Plaintiff request that all records and transcripts be forwarded to him as well as the respective appeals review court that will be preciding [sic] over this matter.

> Issues and violations of judicial proceedure [sic] will best be described once Plaintiff receives [sic] his reported transcripts, in that way a full correct account of judicial misconduct can be conveyed to the appeals court.

(ECF No. 227)

Here, Plaintiff has not claimed that the Ninth Circuit Court of Appeals requires that a record on appeal be printed. If in the future any items are not present in the record and the appellate court requires such records, the appellate court can lodge the request. Thus, Plaintiff not entitled to transcripts at the government's expense under 28 U.S.C. § 1915(c).

Moreover, Plaintiff does not allege that the records and transcripts he is requesting would be part of that record. Instead, Plaintiff appears to be requesting *all* records and reporter transcripts in this case. He does not specify any records or transcripts that he believes are relevant to his appeal.

Additionally, the Court does not find that there is a substantial, non-frivolous, question before that court of appeals.

\\\

\\\

\\\

**IV.    CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion requesting transcripts for free of charge (ECF No. 234) is DENIED.

IT IS SO ORDERED.

Dated:    **March 26, 2026**                    /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE