UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY COTTON, | Case No.   1:22-cv-00568-JLT-EPG (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT BE DENIED COSTS |
| v. | |
| MEDINA, et al., | (ECF No. 231) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

## I.   INTRODUCTION

Plaintiff Wesley Cotton is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that while he was in a locked caged enclosure in the B yard of Corcoran State Prison (CSP), toxic gas from cannisters used to break up a fight in the C yard drifted over and injured him. Defendant Medina failed to protect Plaintiff from gas and Plaintiff suffered from exposure in violation of the Eighth Amendment. (*See generally* ECF No. 1).

This case proceeded to a jury trial, a verdict was entered in Defendant Medina's favor, and a judgment was entered against Plaintiff. (ECF No. 226).

Now before the Court is Defendant's bill of costs, filed on February 10, 2026, requesting $2,092.55 for case-related expenses.[1] (ECF No. 229). Plaintiff filed objections to Defendant's bill

---

[1] The Court recognizes that Plaintiff filed a notice of appeal on March 25, 2026. (ECF No. 233). However, an award of costs is considered a collateral issue over which the district court normally retains jurisdiction after an appeal. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (noting that an award of

1

of costs on March 6, 2026. [2] (ECF No. 235). On March 13, 2026, Defendant submitted an amended bill of costs, requesting $1,382.55, for court-related expenses. (ECF No. 231) Plaintiff did not file objections to the amended bill of costs, and the time to do so has passed. [3]

For the reasons given below, the Court will recommend that Defendant be denied costs.

## II.    ANALYSIS

Federal Rule of Civil Procedure 54(d)(1) provides as follows: "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Although the Ninth Circuit has interpreted this "as creating a presumption for awarding costs to prevailing parties," the Rule "also vests in the district court discretion to refuse to award costs." *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016) (citations and internal quotation marks omitted). In determining whether to exercise such discretion, the Ninth Circuit has directed courts to consider a non-exhaustive list of factors: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Id.* Importantly, "a losing party need not demonstrate that all five factors weigh against imposing costs." *Id.*

As for the first factor, the substantial public importance of the case—"[i]ndividual Eighth Amendment cases are important for safeguarding the rights and safety of prisoners." *Id.* at 1088. In this case, although ultimately unsuccessful, Plaintiff raised an Eighth Amendment violation, which weighs against awarding costs to Defendant.

As for the second factor— the closeness and difficulty of the issues in the case—the Court notes that this case proceeded to a jury trial and even though Plaintiff was unsuccessful at trial, there is no indication that Plaintiff filed this lawsuit in bad faith. While the case may not have

"costs is a collateral issue"). Thus, the Court concludes that it may review the bill of costs despite Plaintiff's pending appeal. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) ("It is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction.") (citation omitted).

[2] Plaintiff's objections are captioned "Motion in Objection to Fraudulent Billings."

[3] The Court will base it's analysis on Defendant's Amended Bill of Costs and Plaintiff's objections to Defendant's first bill of costs. (ECF Nos. 229 and 235).

2

been construed as difficult, Plaintiff's case survived two separate motions for summary judgment. (ECF Nos. 38, 70). *Draper*, 836 F.3d at 1088 (A case that presents evidence of an Eighth Amendment violation was sufficient to survive summary judgment was deemed close).

As for the third factor—the chilling effect on future similar actions—an award of $1,382.55 in costs "could chill similar lawsuits challenging Eighth Amendment violations in jails and prisons." *Draper*, 836 F.3d at 1088. This factor weighs in favor of Plaintiff.

Lastly, the fourth and fifth factors— the plaintiff's limited financial resources and the economic disparity between the parties—weigh in Plaintiff's favor. When Plaintiff initiated this case, he was granted leave to proceed *in forma pauperis*, based in part, on his trust funds having around a $0 balance and having over $10,000 in balances owed in restitution. (ECF No. 6). Plaintiff's continued incarceration makes it unlikely that his economic circumstances will improve.

In contrast, Defendant is represented by the California Office of the Attorney General. (*See* ECF Nos. 16, 20). As the Ninth Circuit has noted, "[t]here is no comparison between [an inmate plaintiff's] limited resources and those of the state of California, which bore the defense costs." *Draper*, 836 F.3d at 1089.

As such, considering all the relevant factors in this case, the Court will recommend that Defendant be denied costs.

**III.     CONCLUSION AND RECOMMENDATIONS**

For the reasons given above, IT IS RECOMMENDED that Defendant be denied costs. (ECF No. 231).

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within thirty (30) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

The parties are advised that failure to file objections within the specified time may result

in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **April 6, 2026**                    /s/ *Erin P. Groj*
                                         UNITED STATES MAGISTRATE JUDGE

4