**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WESLEY COTTON,<br><br>              Plaintiff,<br><br>      v.<br><br>SGT. MEDINA,<br><br>              Defendant. | Case No. 1:22-cv-0568 JLT EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANT'S COSTS<br><br>(Docs. 231, 234) |

Wesley Cotton, a state prisoner, proceeded *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  The Court held a trial in this action, and the jury returned a verdict in favor of Defendant.  (*See* Doc. 224.)  Following the entry of judgment, Defendant filed a bill of costs, requesting $1,382.55 related to Plaintiff's deposition.  (Doc. 231.) Plaintiff did not respond to the pending bill of costs.[1]  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The assigned magistrate judge noted that the Court has discretion under the Federal Rules of Civil Procedure to deny costs to a prevailing party.  (Doc. 237 at 2, citing *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016).)  The magistrate judge observed:

---

[1] Defendant initially filed a bill of costs on February 10, 2026 (Doc. 229) and filed an amended bill of costs on March 13, 2026 (Doc. 231).  The Court ordered Plaintiff to file any objection to the amended bill of costs no later than March 30, 2026.  (Doc. 232.)  Although Plaintiff filed a "motion in objection" to the initial bill (Doc. 235), he did not respond to the *amended* bill of costs.

1

> In determining whether to exercise such discretion, the Ninth Circuit has directed courts to consider a nonexhaustive list of factors: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties."

(*Id.*, quoting *Draper*, 836 F.3d at 1087.)  Considering these factors, the magistrate judge noted that Plaintiff raised a claim arising under the Eighth Amendment, and such individual cases "are important for safeguarding the rights and safety of prisoners." (*Id.*, citation omitted.)  The magistrate judge found the second factor also weighed against costs, because there was "no indication that Plaintiff filed this lawsuit in bad faith" and his "case survived two separate motions for summary judgment" before proceeding to trial.  (*Id.* at 2-3.)  The magistrate judge determined that an award of costs "could chill similar lawsuits challenging Eighth Amendment violations in jails and prisons." (*Id.* at 3, quoting *Draper*, 836 F.3d at 1088.)  Addressing the fourth factor, the magistrate judge observed that "[w]hen Plaintiff initiated this case, he was granted leave to proceed *in forma pauperis*, based in part, on his trust funds having around a $0 balance and having over $10,000 in balances owed in restitution." (*Id.*, citing Doc 6.)  Finally, the magistrate judge noted the Ninth Circuit found that "there is no comparison between an inmate plaintiff's limited resources and those of the state of California." (*Id.*, quoting *Draper*, 836 F.3d at 1089) [cleaned up].)  Therefore, the magistrate judge found the *Draper* factors weighed against an award of costs and recommended the Court deny the requested costs.  (*Id.*)

Defendants filed timely objections to the Findings and Recommendations.  (Doc. 238.) Defendants argue the magistrate judge erred in finding "a deviation from the normal presumption of awarding costs to prevailing parties is justified in this case." (*Id.* at 2.)  According to Defendants, the magistrate judge offered "conclusory generic reasoning for recommending denial of costs in this case [that] would essentially impose a blanket rule against awarding costs in a prisoner case, which is not the law." (*Id.* at 3.)  Defendants argue the fact that Plaintiff raised an Eighth Amendment claim "is not sufficient reason to deny costs." (*Id.*)  Defendants also assert that "[t]his case was neither close nor difficult," and contend they did not settle and instead went to trial "because Plaintiff's allegations were completely without merit." (*Id.* at 4.)  Defendants

contend the Court may also award costs where the plaintiff does not show costs may have a chilling effect on potential civil rights plaintiffs. (*Id.* at 5.)  In addition, Defendants argue that "the Ninth Circuit has instructed that 'proceeding in forma pauperis does not, by itself, exempt a prisoner from paying costs.'" (*Id.* at 6, quoting *Draper*, 836 F.3d at 1087.)  Finally, Defendants acknowledge that "substantial economic disparity between Plaintiff and the State of California" but maintain there is no evidence that Plaintiff would "suffer undue hardship under a [28 U.S.C.] § 1915(a)(2) payment plan." (*Id.*)

The record does not support Defendants' argument that the magistrate judge made only "generic" findings in evaluating the *Draper* factors.  As noted by the magistrate judge, Plaintiff did not have any funds in his prison trust account when he initiated this action and owed over $10,000 in restitution.  There is nothing in the record to show a change in financial status.  The magistrate judge also noted that Plaintiff brought claims under the Eighth Amendment, and the Ninth Circuit explicitly determined that such "[i]ndividual Eighth Amendment cases are important for safeguarding the rights and safety of prisoners." *Draper*, 836 F.3d at 1088. Further, the magistrate judge properly found that an award of costs may have a chilling effect on other Eighth Amendment litigation. *See id.*  While Plaintiff's *in forma pauperis* status alone is insufficient to support a denial of costs, the considerable economic disparity between the parties supports a denial of the requested $1,382.55 costs in conjunction with the other *Draper* factors. *See, e.g., Lee v. Chandler*, 2025 WL 789868, at *2 (W.D. Wash. Mar. 12, 2025) ("While $1,653.00 is not an exorbitant amount, in the context of [the plaintiff's] status as both indigent and incarcerated, awarding costs would against her could discourage other indigent inmates from pursuing civil rights claims").

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this action. Having carefully reviewed the matter, including Defendants' objections, the Court concludes that the Findings and Recommendations are supported by the record and proper analysis.  Thus, the Court **ORDERS**:

  1. The Findings and Recommendations issued on April 6, 2026 (Doc. 237), are **ADOPTED** in full.

2.      Defendants' costs (Doc. 231) are **DENIED**.

3.      Plaintiff's "motion in objection" to the initial bill of costs is terminated as **MOOT**.

IT IS SO ORDERED.

Dated:   July 10, 2026

UNITED STATES DISTRICT JUDGE

4